HENRY WALDERMEYER, Appellant, v. THRE-SIA LOEBIG.

Division Two, July 13, 1909.

1. **DEED: Meaning: Estate Intended to Be Conveyed.** A deed must be read as a whole and construed according to the intention of the parties; and though the words "grant, bargain and sell" were used by one of the grantors in the granting clause, yet if she was a widow, and manifestly intended to convey only her dower, she will not be held to have conveyed more, when sued for damages for a breach of the covenant that she was seized of an indefeasible estate in fee simple, which the use of those words would otherwise imply.

2. ———: ———: ———: **Deed of Trust: Dower: Suit on Covenant of Warranty.** The deed of trust recited that "Thresia Loebig, widow of John Loebig, and D. J. Neudorf, curator of the estate of Barbara F., Mary K., and Thresia V. Loebig,

minors, said D. J. Neudorf, curator, acting herein by virtue of and under an order of the St. Louis Probate Court, made at the December term, 1896, thereof, authorizing said curator to borrow $7,000 on the property of said minors . . . do by these presents, grant, bargain and sell, convey and confirm" said property. The order of the probate court referred to in this deed of trust shows that Neudorf, in his petition for privilege to mortgage the land, recited that "the minors were the owners of said real estate as tenants in common, subject to the dower estate therein of their mother, the widow of John Loebig, deceased, as also her willingness to join in such mortgage pledging her dower interest in said property to secure the money so borrowed." *Held*, first, that the deed of trust refers specifically to the power of Neudorf to make the same; *second*, the plaintiff, who was the third party to the deed of trust, was put upon notice by it, and by the order, which by the reference thereto was incorporated in the deed as a part thereof, that the widow intended to convey only her dower interest; *third*, that was also plaintiff's understanding, as shown by the fact that he did not require her to execute the mortgage notes; *fourth*, the widow did not by the use of the words "grant, bargain and sale" convey an indefeasible estate in fee simple, and though those words are apt and appropriate to convey such an estate, and are given that meaning by the statute, they will not be permitted to overcome her manifest intention, plainly understood by all; and *fifth*, the deed of trust failing to convey the estate of the minors, because the probate court had no power to authorize a mortgaging of their lands for the purpose of making improvements, the plaintiff cannot recover from the widow damages to the amount of the loan as for a breach of a covenant of warranty.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

AFFIRMED.

*Block & Sullivan* for appellant.

(1) Whatever the covenants, they were those of the covenantors individually. Murphy v. Price, 45 Mo. 249; Foote v. Clark, 102 Mo. 401; Donahoe v. Emery, 9 Met. (Mass.) 66. (2) The deed of trust attempted to convey a fee within Sec. 907, R. S. 1899. McCulloch v. Holmes, 111 Mo. 447; Ewing v. Shanna-

han, 113 Mo. 193. (3) The joint or several liability of covenantors is determined by the language used and not by the nature of their respective interests. Pratt v. Clark, 57 Mo. 189; Pratt v. Eaton, 65 Mo. 161; Coleman v. Sherwin, 1 Salk. 137; Lily v. Hodges, 8 Mod. 166; Donahoe v. Emery, 9 Met. (Mass.) 66; Comings v. Little, 24 Pick. (Mass.) 266; Holzheier v. Hayes, 133 Cal. 456; Phil. v. Reeves, 48 Pa. St. 472; Click v. Green, 77 Va. 827; Boyd v. Klingel, 46 Md. 301; Alpaugh v. Wood, 53 N. J. L. 644; White v. Tyndall, 13 App. Cas. 263; Hill v. Combs, 92 Mo. App. 252; Elliott v. Bell, 37 W. Va. 836; Westcott v. King, 14 Barb. (N. Y.) 36; Carleton v. Tyler, 16 Me. 393. (4) All joint covenants are both joint and several. R. S. 1899, sec. 889. (5) Knowledge by the covenantee of the true state of the title is no bar to an action on a covenant. Kellogg v. Malin, 50 Mo. 503; Williamson v. Hall, 62 Mo. 406; Clore v. Graham, 64 Mo. 255; Whiteside v. McGruder, 74 Mo. App. 371. (6) The fact that one of two grantors received the entire consideration will not defeat an action against the other on the covenant. Bloom v. Wolfe, 50 Iowa 289; Barnett v. Hughey, 54 Ark. 195; Sterling v. Peet, 14 Conn. 252; Tucker v. Butterweck, 39 So. (Fla.) 480. (7) The covenants implied by the words "grant, bargain and sell" in a deed purporting to convey a fee, are substantial covenants of title. R. S. 1899, sec. 907; Maguire v. Riggin, 44 Mo. 514. (8) The use of these words in a deed of trust implies the same covenants as in an ordinary deed of bargain and sale. Cockrill v. Bane, 94 Mo. 445; Boyd v. Haseltine, 110 Mo. 207; Blanchard v. Haseltine, 79 Mo. App. 252. (9) If by reason of a paramount title the grantee cannot obtain possession, his action on the covenant accrues. Murphy v. Price, 48 Mo. 247; Adkins v. Tomlinson, 121 Mo. 495.

Waldermeyer v. Loebig.

*Buder & Buder* for respondent.

(1) Where one deed makes reference to another the two are to be considered as one, and the deed so referred to need not be recorded. The deed of trust, containing the covenants for the breach of which plaintiff seeks to recover, makes specific references to the order of the probate court under and pursuant to which the same was executed. Agan v. Shannon, 103 Mo. 661; Lincoln v. Thomson, 75 Mo. 637; 2 Smith Lead Cases (8 Ed.), 529; Whittlesey v. Delaney, 73 N. Y. 571. (2) "Under the statute, the wife is not bound by her covenants contained in the deed except as far as may be necessary effectually to convey from her and her heirs all her right, title and interest in the land at the time the deed was made. By the terms of the statute her deed is, in its effect, whatever its form, simply a quit-claim of all her existing right, title and interest. Such being the effect of the deed, the rulings of the court in regard to inurement, under quit-claim deeds, would apply to her deed regardless of its form or covenants." Brawford v. Wolfe, 103 Mo. 397; Bank v. Robidoux, 57 Mo. 446; Barker v. Circle, 60 Mo. 259; Reese v. Smith, 12 Mo. 348. (3) The purchaser at a sale by a mortgagee or trustee selling under a power to sell for the payment of debts must take notice of the title and its defects as it appears of record. Barnard v. Duncan, 38 Mo. 170; Haley v. Bagley, 37 Mo. 363; Mason v. Black, 87 Mo. 329; Loring v. Groomer, 110 Mo. 632; McDonald v. Quick, 139 Mo. 484. (4) The deed of trust and trustee's deed under and through which plaintiff is making his claim for a breach of the covenant were in an equitable suit, wherein both were parties, declared null and void. 8 Am. and Eng. Ency. Law (2 Ed.), 54; Northcote v. Underhill, 1 Salk. 199. (5) A covenantee must take some estate, or if no title passes, possession must accompany the deed, for the covenants

to inure to a subsequent grantee. Allen v. Kennedy, 91 Mo. 329; Iowa Loan & Trust Co. v. Fullen, 114 Mo. App. 633. (6) The rule that covenants are taken most strongly against the covenantor is reversed in the case of statutory covenants, because they are implied and are in derogation of the common law. Miller v. Bayless, 101 Mo. App. 487, 194 Mo. 630.

GANTT, P. J.—The learned counsel for the plaintiff very aptly denominates this cause as the aftermath of Waldermeyer v. Loebig, 183 Mo. 363. The petition in the present case filed December 19, 1904, declared for the breach of covenants of title alleged to have been contained in the deed of trust which was before the court upon other considerations in that case. The petition in substance alleges that the defendant, Mrs. Loebig, the widow of John Loebig, deceased, and one D. Ind. Neudorf, in February, 1897, in consideration of a loan of $7,000 then made by the plaintiff and to secure the same, executed to William F. Woerner, as trustee, their deed of trust upon certain premises, to-wit, the same real estate which was involved in Waldermeyer v. Loebig, 183 Mo. 363; that by said deed of trust Mrs. Loebig and Neudorf undertook to convey a fee simple estate and made use of the words "grant, bargain and sell" to convey the same; that they thereby covenanted to and with the trustee, his successors in trust and assigns, and for and in behalf of the plaintiff as beneficiary in said deed of trust, that they were at the time seized of an indefeasible estate in fee simple in the premises; that the trustee sold the premises under the powers contained in the said deed of trust upon a default occurring thereunder, and the plaintiff having become the purchaser at this sale for the full amount of his debt and interest, the trustee conveyed the said premises to him and thereby assigned to the plaintiff the covenants in said deed of trust. It was also alleged that the trustee had

subsequently assigned all rights of action on the covenants in the deed of trust to the plaintiff. The petition then averred that no title whatever passed by the deed of trust; that the plaintiff had sued defendant and others in ejectment for possession of the premises, under his purchase thereof, and that judgment had gone against him in the action. Also that he had instituted the action of Waldermeyer v. Loebig, reported in 183 Mo. 363, seeking subrogation to mechanic's liens upon said premises which his loan had been used to discharge, and that as the final result of that action in this court it was adjudged that the deed of trust passed no title to the premises. It was then alleged that the premises had at all times been of the value in excess of $15,000 and that the plaintiff's loss was his debt of $7,000, interest thereon subsequent to February, 1899, and $2,000 expenses in the prosecution of the two actions pleaded. An abatement of $6,000 was admitted from the amount claimed because of the collection by the plaintiff of that sum from the estate of D. Ind. Neudorf upon the same covenants. The prayer of the petition was for a judgment for $5,100 and interest.

The answer was a general denial, with certain specific defenses, first, that defendant had no interest in the premises save as dowress, and that she only joined in the deed of trust to subject her dower thereto; that the money was loaned to Neudorf, the other party to the deed, and that the plaintiff at the time he made the loan knew all the foregoing facts. Second, that after a default in the deed of trust the trustee sold and conveyed the premises to the plaintiff thereunder in consideration of a sum bid by the plaintiff therefor in excess of his debt, which excess the plaintiff paid to the trustee, and that the notes held by the plaintiff for the loan were canceled, whereby the de-

fendant deduced the conclusion that both the debt and the deed of trust were satisfied and that no recovery could be had in consequence upon any covenant therein contained. Third, that in Waldermeyer v. Loebig, supra, it was adjudicated by the other division of this court that Mrs. Loebig was not bound by any covenant in the deed of trust. Fourth, that plaintiff had previously sued the executrix of D. Ind. Neudorf's estate on the same covenants and that the parties to that action had agreed upon a judgment in plaintiff's behalf, fixing his damages at $6,000, and that such a judgment was entered in his behalf in that action and paid.

The reply admitted the settlement pleaded with the executrix of Neudorf, and alleged that in making it the plaintiff had expressly reserved his right to prosecute his action against Mrs. Loebig for full satisfaction of all his damages sustained by the breach of the covenants.

The jury was waived, and the cause tried to the court, which resulted in a finding for the defendant and judgment accordingly, from which the plaintiff appealed.

The undisputed facts in this case are fully stated by Judge MARSHALL, in so far as they existed at the time he wrote the opinion in the 183 Mo. 363, but for an intelligent understanding of the present case it is deemed necessary to repeat some of the facts which appear in that report. John Loebig in his lifetime owned the premises in controversy, which are situated on South Broadway in the city of St. Louis. There was upon them in his lifetime, a three-story brick building, the lower floor of which he used for business purposes, the second floor for a residence for his family, and the third floor he let out for other purposes. The St. Louis cyclone of 1896 damaged the premises quite materially and Loebig died shortly after that time, leaving them in a damaged state. He left no will and his surviving family consisted of the defend-

ant, his widow, and three infant daughters. D. Ind. Neudorf became administrator of his estate and curator of his three minor children. Neudorf contracted for and made extensive repairs and improvements on these premises. He and the defendant, Mrs. Loebig, agreed with each other that preliminary to the settlement of the liabilities thereby incurred the parties holding the claims should prove the same against Loebig's estate in the probate court, and this was done. Neudorf thereupon, as curator for the three daughters, addressed his petition to the probate court for leave to borrow $7,000 by the execution of a deed of trust on the premises for the purpose of discharging these claims. In this petition he stated that the defendant was willing to join in the deed of trust in order to subject her dower interest in the premises thereto. The probate court granted the prayer of the curator and authorized him to execute the deed of trust. Thereupon he and Mrs. Loebig executed the deed of trust, and the plaintiff loaned $7,000 on the faith of it for three years at six per cent interest. As the liability of Mrs. Loebig depends in a large measure upon the terms of this deed of trust, it is deemed essential to copy the granting part thereof, omitting a description of the premises conveyed, to-wit:

"This deed made and entered into this fifteenth day of February, eighteen hundred and ninety-seven, by and between Thresia Loebig, widow of John Loebig, deceased, and D. Independence Neudorf, curator, acting herein by virtue of and under an order of the St. Louis Probate Court, made at the December term, 1896, thereof, authorizing said curator to borrow $7,000 on the property of said minors, of the city of St. Louis, and State of Missouri, parties of the first part, and William F. Woerner, of the same place, party of the second part, and Henry Waldermeyer, of the same place, party of the third part, witnesseth: That the said parties of the first part, in consideration of the

debt and trust hereinafter mentioned and created, and of the sum of one dollar to them paid by the said party of the second part, the receipt of which is hereby acknowledged, do by these presents, grant, bargain, and sell, convey and confirm unto the said party of the second part, forever, all the following described real estate, situated in the city of St. Louis and State of Missouri, and known and described as follows, to-wit:'' (Here follows a particular description of the premises). The *habendum* reads as follows: ''To have and to hold the same, together with the appurtenances, to the said party of the second part and to his successor hereinafter designated, and to the assigns of him and of his successor forever.''

The deed of trust then recites a loan by the plaintiff to Neudorf of the sum of $7,000 for three years to bear interest at six per cent per annum, and contains the usual provision for the sale by the trustee in case of a default and for conveying the premises to whosoever shall purchase at said sale, and ''upon such sale shall execute a deed in fee simple of the property sold to the purchaser thereof.'' Mrs. Thresia Loebig, the defendant herein, joined in the deed of trust as above indicated and signed and acknowledged the same in proper form. Neudorf as curator received this $7,000 from the plaintiff and used it to pay the claims which had been alleged against the estate of Mr. Loebig.

Default was made in the payment of the fifth installment of interest and thereupon the trustee foreclosed the deed of trust on April 25, 1900, and plaintiff became the purchaser of the property for $9,100 and received a trustee's deed therefor. Thereupon, as alleged in plaintiff's petition, he brought his action of ejectment for the premises and was defeated in the circuit court and no appeal was taken from that judgment. Following this the plaintiff instituted his action in equity against Neudorf and Mrs. Loebig and

two of the minor children, the other child having died in the mean time, and asked to be subrogated to the liens for the improvement of the premises. This case was defended by Mrs. Loebig, the defendant here, and Neudorf, and this court in Waldermeyer v. Loebig, 183 Mo. 363, held that the said claims for the improvement of the building could not be made a charge upon said real estate and were not liens upon the land. Thereupon plaintiff brought his action on the covenants in the said deed of trust against the executrix of Neudorf, who had died in the meantime. A compromise was fixed between the plaintiff herein and Mrs. Neudorf, by the terms of which plaintiff received $6,000 and accepted the same in full satisfaction of all claims against the estate of Neudorf, but ''expressly reserved'' to himself any and all rights of action on said covenants for the purpose of securing additional and complete satisfaction of his damages thereunder against Thresia Loebig, co-covenanter in said deed of trust. And thereupon plaintiff brought this action against Mrs. Loebig on said covenants, which as already said resulted in a judgment in favor of the defendant. As indicating his views of the law of the case the learned circuit judge at the instance of the plaintiff gave the following declarations of law:

''2. Upon the foreclosure of said deed of trust, and the execution of the deed by the trustee therein to the plaintiff, which was read in evidence, and upon the execution of the assignment by said trustee to the plaintiff, which was read in evidence, the right of action on said covenant vested in the plaintiff.

''5. The court declares the law to be that since the plaintiff in compromising with the executrix of D. I. Neudorf expressly reserved his right of action for full recovery of the balance of his damages from this defendant, nothing which occurred with reference

to said compromise prevents his recovery in this case against the defendant.

"6. The court declares the law to be that the judgment of the circuit court, in the equity case, and of the Supreme Court, on appeal, is conclusive of the fact that the plaintiff took nothing by the deed of trust, nor by the trustee's deed, notwithstanding it may appear that subsequent to the execution of said deed of trust the defendant inherited some interest in said premises by the death of one of her children."

And refused the following declarations of law requested by the plaintiff:

"1. The court declares that under the terms of the deed of trust read in evidence in this case the defendant herein and D. I. Neudorf, jointly and severally covenanted with the trustee therein that they were seized of an indefeasible estate in fee simple in the property therein described, and this defendant is personally liable on said covenant.

"3. The court finds from the evidence that the defendant's husband owned said property in fee, and died without a will, leaving him surviving the defendant, his widow, and three children; and the court declares the law to be that neither the defendant nor said D. I. Neudorf was seized of an indefeasible estate in fee simple in said premises, nor did they convey such estate by said deed of trust, and there has been a breach of said covenant in the deed of trust.

"4. The judgment of the circuit court, room 1, in the ejectment suit, and the judgment of the circuit court, room 2, and of the Supreme Court on appeal, in equity case, conclusively established the proposition that the plaintiff acquired nothing by said deed of trust and trustee's deed, and that there has been a breach of the covenants in said deed of trust.

"7. If the court finds that the plaintiff on said deed of trust loaned seven thousand dollars, and that interest was paid thereon to the 15th of February,

1899, and not thereafter, then the court declares the law to be that the plaintiff is entitled to recover in this action from the defendant, seven thousand dollars with six per cent interest thereon from the 15th day of February, 1899, to the date of the receipt by him of the money from the executrix of D. I. Neudorf, less the sum of six thousand dollars credited at that time, and to which balance thus arrived at should be added interest at six per cent per annum from the date of the receipt of the said six thousand dollars down to the date of the judgment."

The defendant asked the lower court nothing but a demurrer to the evidence, which was refused.

Several interesting legal propositions have arisen upon this record. The one which the circuit court regarded as controlling was whether this deed properly construed should be held to mean that Mrs. Loebig undertook to convey a fee simple estate in the said premises to the trustee Woerner for the benefit of plaintiff. For, if she did, then the use of the words "grant, bargain and sell" contained in themselves the covenant that she was seized of an indefeasible estate in fee simple in the said premises conveyed by the deed of trust. [Sec. 907, R. S. 1899.] Unless the deed purports to convey an absolute estate in fee, the words "grant, bargain and sell" mean only a transfer of the estate.

Again and again it has been ruled by this court that a deed must be read as a whole, in a word, by its four corners, and that many of the old formulas were no longer invoked by the courts. All rules of construction rest upon the principle that they were designed to ascertain the intention of the grantor and effectuate it unless some positive rule of law would be infringed by so doing. Thus in the recent case of Stoepler v. Silberberg, 220 Mo. l. c. 267, in discussing the effect of these statutory words in a deed, it was said: "But while these covenants are expressed in

the deed, the instrument must be read and construed in the light of all its parts, and when this is done, it is obvious that it does not attempt or purport to convey and warrant the lot itself, but only 'all such right, title and interest' that Frederick Stoepler had in and to said house and lot," etc. To the same effect is Butcher v. Rogers, 60 Mo. 138; Moore v. Harris, 91 Mo. 616. In Allen v. Holton, 20 Pick. l. c. 463, it was said: "Every deed is to be construed according to the intention of the parties, as manifested by the entire instrument, although it may not comport with the language of a particular part of it. Thus a recital or a preamble in a deed may qualify the generality of the words of a covenant or other parts of a deed." It is familiar law that when one deed or instrument refers to another, the instrument or deed referred to becomes thereby part and parcel of the former instrument. To all intents the two become one when we seek to find their meaning and intention. [Agan v. Shannon, 103 Mo. 661.] In Bean v. Kenmuir, 86 Mo. l. c. 671, this court said: "But rules of interpretation, formerly adhered to with much strictness, have been changed, or modified, or abandoned, when, in their modern applications, they have been found hostile to the end the courts struggle to attain, which is to give effect to the grantor's intention, and to effect which they make it the paramount rule to read the whole instrument, and, if possible, give effect and meaning to all its language. The granting clause of the deed in question contains the words 'grant, bargain and sell' which, in the absence of other clauses restricting, limiting or modifying the same, would, under our statute, constitute a deed of warranty with full express covenants, and, as said by counsel, if the deed in question stopped here, it would, when duly signed and sealed, have conveyed the fee." To the same effect see Utter v. Sidman, 170 Mo. 284, and cases there cited.

Now keeping in view these principles of construction, it will be observed that this deed recites that "Thresia Loebig, *widow* of John Loebig, and D. I. Neudorf, curator of the estate of Barbara F., Mary K. and Thresia V. Loebig, minors, said D. I. Neudorf, curator, acting herein by virtue of and under an order of the St. Louis Probate Court, made at the December term, 1896, thereof, authorizing said curator to borrow $7,000 on the property of said minors," from which it will be seen that the deed refers directly to the power of attorney to Neudorf to make said deed of trust, said power arising in the order of the probate court, and when we look to that order we find that the court had before it a petition which stated among other things "that the minors were the owners of said real estate as tenants in common, subject to the dower estate therein of their mother, the widow of John Loebig, deceased, as also her willingness to join in such mortgage pledging her dower interest in said property to secure the money so borrowed."

It is perfectly apparent from these documents referred to in the deed of trust itself that the only purpose and intent of the defendant Mrs. Loebig in joining in this deed of trust, was to convey her dower interest in the land. Directed by the recitals of the deed to the probate record, the plaintiff who was party to the deed of trust, was put on notice that the widow intended and only intended to convey her dower interest in said lots, and it is obvious this was the intent of all the parties. Had it been the intention to bind the widow absolutely, plaintiff would have required her to execute the notes, which she did not. He was fully advised that this realty had descended to the minors subject to the dower of Mrs. Loebig and that the guardian and curator had petitioned the probate court to permit him as guardian and curator to borrow $7,000, and mortgage these premises in order to obtain a fund with which to make the improvements,

and had advised the court that Mrs. Loebig was willing to include her dower in the mortgage to secure the investor. Plaintiff was a party to that loan. He does not stand in the attitude of an innocent purchaser for value without notice. He was fully informed of the extent to which Mrs. Loebig was willing to go. There is everything to indicate that she never proposed to convey an indefeasible estate in fee simple to this lot. She had nothing but dower, and she agreed merely to release her dower rights. Under such circumstances, there can be no sort of doubt that, independent of the legal obligation assumed by the use of the words "grant, bargain and sell," all the parties to this deed of trust knew and understood that Mrs. Loebig was not undertaking, so far as she was concerned, to convey an indefeasible estate in fee simple. Is there enough on the face of the deed to restrain the full effect of the warranties contained in the words "grant, bargain and sell?" We think there is. The deed on its face shows that it was the understanding and agreement of all parties to the deed of trust that the minors owned the fee simple and that the court had granted their guardian and curator the authority to mortgage that fee simple, the mother joining merely to release her dower. When the deed is executed Mrs. Loebig's relation to the lot is further emphasized by denominating her as "widow," that is to say, in that capacity she joins, which was in furtherance of her known and expressed agreement to bind herself so far and no further. A construction now that, in spite of all this, she intended and must be held to have intended to convey an indefeasible estate in fee simple, would nullify what we all know was her real intention, and to utterly repudiate the now prevalent doctrine that her intention and the intention of every other party to the transaction must control. If it be said that where apt and appropriate words, the very words which the statute has defined in advance, are used,

there is no room for construction, the answer is that in seeking for the intention, this court has often dealt with this proposition, and notwithstanding the use of the statutory words "grant, bargain and sell" have allowed other expressions no more definite to control. Thus, in Bean v. Kenmuir, 86 Mo. 666, notwithstanding the positive rule of law that the grant of a remainder after a fee simple is void, the court construed the plain grant to be a life estate only, so as to save the remainder. In Davidson v. Manson, 146 Mo. l. c. 612, the granting words of the deeds were "give, grant, bargain and sell," and conveyed unto the said Charlotte B. Davidson and her heirs and assigns, and the *habendum* clause was, "To have and hold the above granted and bargained premises with the appurtenances thereof to the said Charlotte B. Davidson, *her heirs and assigns in fee simple, her natural life* to her own proper use and behoof." It was ruled she only took a life estate. In that case not only the words "grant, bargain and sell" were used, but "*in fee simple,*" but the words "natural life" restrained the other plain and definite words of the deed. But as already indicated the reference in the deed of trust to the order of the probate court incorporated those proceedings into the deed of trust for the purpose of ascertaining the intention of the parties to it, and when they are looked to, we think the intention was that Mrs. Loebig should only release her dower right, the only interest she then had in said lands, and that no party to said deed of trust looked upon her joining in the deed as an assertion and warranty that she had an indefeasible estate in fee simple in said lot and intended to convey and warrant the same.

We think the circuit court correctly construed this deed of trust in so far as Mrs. Loebig is concerned, and its judgment is accordingly affirmed.

*Burgess* and *Fox, JJ.,* concur.