# CHARLES H. NOLD, Respondent, v. JESTER S. OZENBERGER et al., Appellants.

**Kansas City Court of Appeals, January 2, 1911.**

1. **MECHANIC'S LIEN.** Plaintiff sued to enforce a mechanic's lien for materials furnished for a building on property owned by defendants, husband and wife by the entirety. The wife did not contract for the material. Subsequently to the commencement of the construction of the building, two deeds of trust, securing loans, were placed on said property. After this action was begun, foreclosure was had under the first deed of trust, and the property purchased by one not a party to this suit. The judgment was for the plaintiff, and adjudged a lien on the property described as to all defendants, except the wife, and on the improvements as to her. *Held*, that the judgment against the wife was a nullity. A judgment enforcing a lien against improvements made at the instance of the husband, who was a tenant by the entirety, is good against the improvement itself without any judgment affecting the interest of the wife in the same.

2. ———: **Parties: Estoppel.** Where the trustee and *cestui que trust*, in a deed of trust put upon property after improvements thereon are commenced, are made parties to a suit to enforce a mechanic's lien for materials used in said improvements, and, although the property is sold by foreclosure after the suit is begun to a third party, they continue to defend without filing disclaimers, they are estopped from asserting that error was committed in the judgment which only affected the property.

3. ———: ———. There was no error in failing to make the purchaser at the sale, under the deed of trust, a party to the suit. Persons having an interest in property sought to be charged with a mechanic's lien are not bound by the proceedings unless they are made parties thereto. If the said purchaser was wronged by the judgment, the courts are still open to him.

Appeal from Buchanan Circuit Court.—*Hon. C. A. Mosman*, Judge.

AFFIRMED.

*Charles C. Crow* for appellant.

(1) The court erred in its judgment declaring a lien against the improvements owned by Mattie Ozenberger, after finding and adjudging that she was not a party to the contract with respondent for the purchase of the materials that entered into the construction of the improvements. Planing Mill Co. v. Chrisophel, 60 Mo. App. 106; State to use v. Hailey, 71 Mo. App. 200; Frost v. Frost, 200 Mo. 481; Holmes v. Kansas City, 209 Mo. 513. (2) It is true that the wife, Mattie Ozenberger, did not appeal, but if the judgment was correctly rendered, sustaining the lien against the interest of the appealing defendants, the judgment against Mattie Ozenberger directly affected the interest of appealing defendants, and in addition to this, the court clearly erred in adjudging a lien against the interest of Mattie Ozenberger, for the reason that the court would have no power to render judgment against her interest acquired by the appealing defendants, if she was not a party to the contract for the materials. McLundie & Co. v. Mount, 123 S. W. 966; Russel v. Grant, 122 Mo. 161, cases cited; 20 Ency. of Law, p. 298, cases cited, note 2. (3) By a careful reading of the judgment of the court it will be noticed that there is an attempt on the part of the court in its judgment to declare and adjudge a lien against the interest of Theodore Hoagland, and this is clearly erroneous under authorities cited, supra. (4) By the judgment of the court there was a lien declared, and adjudged against appellants and the interest of Mrs. Ozenberger in the improvements, amounting to $433.36, and although it was adjudged that about three dollars of the account was not chargeable as a lien against any person's interest, the petition prayed for a judgment for only $306.49, and the lien only claimed there was due $306.49, so that on the record proper, namely, petition and judgment, the judgment was grossly excessive, and the court had no power to enter same. It seems to

us that it is not necessary to cite authorities to sustain our position on this point.

Charles F. Strop and Eugene Silverman for respondent.

(1). Mechanics' lien statutes are highly remedial in their nature and are to be liberally construed. Crane Co. v. Real Estate Co., 121 Mo. App. 209, 225, and cases cited; DeWitt v. Smith, 63 Mo. 263; McAdow v. Sturtevant, 41 Mo. App. 220; Hicks v. Schofield, 121 Mo. 381. (2) Respondent is entitled to a first lien against the building and against all of the interest of Jester S. Ozenberger and those claiming under him in the land. The mortgages were executed after the date of furnishing the first materials and were to secure advances made for the erection of the building and are inferior to the lien of respondent. R. S. Mo. 1909, secs. 8212-8219. (3) The interest of the husband in lands held by the entirety entitles him to the use and possession of the premises during his lifetime and is vendible on execution. His estate constitutes him an "owner or proprietor" so as to bind any buildings erected by him and his interest in the land with a mechanic's lien. Hall v. Stephens, 65 Mo. 670; Hough v. Light & Fuel Co., 127 Mo. App. 576; Bank v. Fry, 168 Mo. 492; Washburn v. Burnes, 34 N. J. L. 19. (4) The fact that the interest of Jester S. Ozenberger had been foreclosed after suit brought and before trial is immaterial. He had a sufficient interest when the materials were contracted for and the suit brought and this satisfies the statute. Cases cited under point 3, supra; Lumber Co. v. Clark, 82 Mo. App. 225. (5) The purchaser at the foreclosure sale was not a necessary party. The foreclosure was had after the suit to enforce the lien was filed and the purchaser was a purchaser pendente lite and bound by the judgment. Brass Mfg. Co. v. Boyce, 74 Mo. App. 343; Middleton v. Davis-Rankin Bldg. Mfg. Co., 45 S. W. 896; Cornell v. Lumber Co., 47 Pac. 912; Mosier v. Lumber

Co., 66 Ill. App. 630.   (6) Appellants are in no position
to complain of the amount of the judgment.   No com-
plaint that the judgment is excessive was made in the
motion for a new trial and no motion in arrest of judg-
ment was filed.   They cannot raise the point here for
the first time.   The amount of the judgment was a mere
clerical error and error of computation.   As a matter
of fairness to appellants, respondent tenders a remitti-
tur of $100 the amount of excess, as suggested by appel-
lants, to reduce the judgment to its proper amount.

BROADDUS, P. J.—This is a suit to enforce a me-
chanic's lien for materials furnished by plaintiff for the
construction of a dwelling on certain property owned by
defendants, Jester S. Ozenberger and Mattie Ozenber-
ger, his wife, by the entirety.   The material was fur-
nished on and between respectively the 27th day of Au-
gust, 1907, and July 17, 1908.   It is admitted that in
so far as the filing of the lien is concerned it was regu-
lar.   The suit was begun on December 19, 1908.

On April 14, 1908, Ozenberger and wife executed
a deed of trust on the real estate described in the lien
and petition to Joseph Morton as trustee for the benefit
of the Hoagland Loan and Investment Company to se-
cure the payment of two thousand dollars, the condi-
tion of which instrument being, that upon the failure
of the grantors to pay taxes and other charges upon the
property the whole indebtedness should at the election
of the beneficiary immediately become due and payable
and with power in the trustee to sell the property on
giving twenty days' notice.

On April 14, 1908, Ozenberger and wife executed
another deed of trust to Jacob H. Schloss as trustee to
secure an indebtedness due the Empire Trust Company
as beneficiary therein named, with provisions similar
to the first described deed, except that it was made sub-
ject to the former.

Prior to the 16th day of February, 1909, default

occurred in the first described deed to Joseph Morton, because of the failure of the grantors to pay taxes and other charges, for which default the beneficiary, declared the whole amount of the indebtedness due and payable and after advertising for the required length of time, the trustee sold the real estate described and Theodore Hoagland became the purchaser at the sale.

The lien and petition alleged that the materials were sold under contract with Ozenberger and wife. The cause was tried on October 29, 1909, and the finding and judgment established a lien against all the right, title and interest of the husband, Jester S. Ozenberger, in the real estate and improvements described in the petition and lien, and personal judgment was also rendered against the defendant Jester S. Ozenberger for $436.61. The finding was that Mattie Ozenberger did not contract with plaintiff or agree to pay for the materials, and the judgment was in her favor as to that matter. The court further adjudged a lien against all the right, title and interest of the defendants, Joseph Morton, Hoagland Loan & Investment Company, Jacob H. Schloss and Empire Trust Company in and to the property described, and also against all the right, title and interest of Mattie Ozenberger in and to the improvement.

The defendants, Joseph Morton, Hoagland Loan & Investment Company, Jacob H. Schloss and Empire Trust Company appealed from the judgment.

Appellants' contention is that, notwithstanding Mattie Ozenberger did not appeal from the judgment of the court subjecting her interest in the improvement itself to plaintiff's lien, the judgment should be reversed, because defendants by their deeds acquired a lien upon all the interest she had in the property including her interest in the building and that the judgment to that extent affects their interest in said building. We are of the opinion that the judgment enforcing the lien against the interest of the wife in the improvement was

a nullity and did not in any manner affect the rights of the appealing defendants. The plaintiff was entitled to his lien against the building, notwithstanding the wife was not a party to the contract for the improvement. The statute provides that liens for work and materials shall be preferred to all other encumbrances which may be attached to or upon such buildings or other improvements subsequent to the commencement of such buildings or improvements. [R. S. 1909, sec. 8219.] The judgment enforcing a lien against the improvement made at the instance of the husband who was a tenant by entirety was good as against the improvement itself without any judgment intended to affect the interest of the wife in the same. The appealing defendants under the deeds made subsequent to the commencement of the improvements took their estate subject to plaintiff's right to a lien against such improvements and the judgment as to him, enforcing the lien against the same attached to the whole and not merely to a part thereof.

The husband's right of possession in the estate was such as was subject to the lien and could be sold under execution. This seems to be the recognized law of the state. [Hall v. Stephens, 65 Mo. 670.]

Appellants insist as the said deed of trust was foreclosed at the sale by the trustee and their interest conveyed to Theodore Hoagland, they no longer had any interest in the property and therefore were not proper parties defendant to the action, and therefore the judgment as to them was unwarranted. In this contention appellants have left out of consideration the fact that the said deed of trust was not foreclosed at the time the action was begun, but while their interest in the property remained. The statute provides that all persons having an interest in the property sought to be affected by the lien may be made parties to the action. [R. S. 1909, sec. 8221.] The plaintiff thought fit to make them parties as he had the right to do under the statute and

it became their duty after they had parted with their interest in the controversy to have amended their answer and set up a disclaimer · of any such interest. But instead of so doing, they continued to combat plaintiff's right to enforce his lien until final judgment. We are therefore of the opinion that they are now estopped from saying that there was error committed as to the judgment in so far as they are concerned. And as there is no personal judgment against them, and as the judgment only affects the property in which they say they have no interest, they are in no way affected by it, and cannot be injured.

But the main contention of the appellants is that, because the purchaser, Theodore Hoagland, of the property at the foreclosure sale under the deed of trust was not made a party defendant the judgment is erroneous. This is not a matter of which they can complain as they are insisting that they have no interest whatever in the result. There contention is not based on any action of the court by which they have been wronged, but because someone who is not a party to the suit has not been heard to assert his rights. We are not aware of any course of practice that would authorize such a plea. To support this theory our attention is called to the case of Russell v. Grant, 122 Mo. 161. The facts of that case were, that there was a judgment establishing a mechanic's lien on certain buildings, and a sale thereof under the judgment. The owner of the property mortgaged the property to secure a certain indebtedness which was in point of time prior to the mechanic's lien. A sale was had under the mortgage. The grantee of the purchaser at the sale was not made a party to the suit to foreclose the mechanic's lien. The purchaser at the sale under the mechanic's lien foreclosure sought to remove the building, whereupon the grantee of the purchaser at the foreclosure under the mortgage sued out an injunction to restrain him from so doing. It is held that as the plaintiff was not made a party to the proceedings to

foreclose the mechanic's lien, he was not precluded thereby and the injunction was sustained. The effect of the holding is that as to the plaintiff therein, the judgment was subject to collateral attack. There is no fault to be found with the holding as we think it is strictly in accord with the provision of the statute, that persons having an interest in the property sought to be charged with a mechanic's lien are not bound by the proceedings, unless they are made parties thereto.

Such being the law it is not necessary for us to attempt to decide the force and effect of the judgment herein rendered, as to the rights of Theodore Hoagland. If he was wronged by the judgment the courts are still open to him for redress.

Complaint is made that the judgment is excessive, but as the attention of the court was not called to the excess, we are not authorized to disturb the judgment on that account. If such be the case without doubt, we presume plaintiff's counsel will enter the amount of such excess on the record of the trial court.

Finding no error the cause is affirmed. All concur.