### KERN v. COFFIN.

(Circuit Court of Appeals, Fifth Circuit. February 18, 1913. Rehearing Denied March 25, 1913.)

No. 2,441.

1. PARTIES (§ 83*)—NONJOINDER OF PARTIES DEFENDANT—PARTIES ENTITLED TO OBJECT.

A defendant cannot object to the nonjoinder of other defendants when his own rights are not affected thereby.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 133; Dec. Dig. § 83.*]

2. VENDOR AND PURCHASER (§ 275*)—LIEN RESERVED IN DEED—ASSIGNMENT OF PURCHASE-MONEY NOTES.

A purchaser of land for the price of which he executes notes secured by a vendor's lien reserved in the deed acquires no title except subject to such lien which may be foreclosed by the holder of any of the notes which are due and unpaid.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 772; Dec. Dig. § 275.*]

In Error to the District Court of the United States for the Western District of Texas; Thos. S. Maxey, Judge.

Action at law by P. E. Kern against C. O. Coffin, and cross-action by Coffin against Kern. Judgment for Coffin in the cross-action, and Kern brings error. Affirmed.

F. G. Morris and C. L. Galloway, both of El Paso, Tex., for plaintiff in error.

Millard Patterson and J. A. Buckler, both of El Paso, Tex., for defendant in error.

Before SHELBY, Circuit Judge, and NEWMAN and GRUBB, District Judges.

NEWMAN, District Judge. This cause comes before the court on a writ of error to the action of the District Court directing a verdict against P. E. Kern, plaintiff in the District Court, and in favor of Coffin, upon his cross-action for the undivided 150 acres of land in controversy. Kern brought trespass to try title to the land in controversy against Coffin, who filed a cross-action or plea in reconvention against Kern, and it was on the trial of this suit and cross-action in the District Court that a verdict was directed as stated.

It appears from the evidence in the case that M. J. McKelligon was the patentee of a 640-acre tract of land in El Paso county of which the undivided 150 acres in controversy was a part. It further appears that McKelligon and his wife, Katie M. McKelligon, conveyed the undivided land in controversy to P. E. Kern, the plaintiff in the District Court, taking therefor 15 notes aggregating $4,500, of $300 each, the first note of $300 being due six months after date, and the other notes of $300 each being due every four months thereafter until the purchase price should be paid.

The deed from McKelligon and wife to Kern contained this stipulation:

"But it is expressly agreed and stipulated that the vendor's lien is retained against the above-described property, premises and improvements until the above-described notes and all interest thereon are fully paid according to their face and tenor, effect and reading, when this deed shall become absolute."

This deed was properly executed by McKelligon and wife in compliance with the Texas law. Other conveyances were made by McKelligon and wife to Kern which are not material here.

After the purchase of this land, Kern became pecuniarily embarrassed, and made a deed to certain parties in trust of various properties for the benefit of his creditors; a part of such property being the land in controversy. Various transactions occurred in connection with these deeds which we consider wholly immaterial to the decision of the main question involved here.

Three of the notes given by Kern to McKelligon were purchased by William Coffin, who died without having collected them. C. O. Coffin, the executor and sole devisee of William Coffin, brought suit against P. E. Kern, M. W. Stanton, and Park W. Pitman, the latter one of the trustees to whom Kern had conveyed the land, all residents of El Paso county, Tex., and McKelligon and wife, nonresidents of the state, R. E. Beckham, receiver of the El Paso National Bank, alleged to be a resident of El Paso county, Tex., and Oppenheimer Bros. & Veith, a copartnership, residents of Kings county, N. Y., the State

Bank of Holton, Kan., and C. Hanrahan.  The prayer of the suit was that Coffin, as executor, have judgment against Kern and Mc-Kelligon and wife for the amount of the three notes owned by him. He prayed for judgment foreclosing the lien upon the real estate in question for the satisfaction of the indebtedness claimed by him, and he prayed for a judgment and order directing a sale of such real estate so as to shut off and extinguish any lien that may be claimed by any holder of either of the other of said 15 promissory notes, and prayed for an order directing the sale of said real estate in order that all the claims held by any one or by the various defendants might be paid off and satisfied out of whatever might be realized through the sale of the property, and for judgment declaring that the holders of any of said notes which by their terms might not be due should, after the sale, look to the fund which might be realized by the same for their payment.

Citation issued in due form, and Kern was served and appeared, and a number of others made parties appeared.  Some of them were served out of the state, and some question is raised as to the suffi-ciency of the service.  We deem this immaterial from the fact that Kern was served, appeared, and defended.

The suit of Coffin against Kern came on to be tried, and the judg-ment of the court recited that the plaintiff appeared by his attorney and M. W. Stanton in person, and P. E. Kern and Park W. Pitman, and R. E. Beckham, receiver of the El Paso National Bank, and Oppen-heimer Bros. & Veith, a copartnership, and C. Hanrahan, all appeared by their attorneys, and announced ready for trial.  The judgment fur-ther recites that M. J. McKelligon, his wife, Kate McKelligon, and the State Bank of Holton, Kansas, "were all duly served with process (notice as provided in article 1230 of the Revised Statutes of Texas) to appear and answer in this case at this January term, 1896, of this court, and at the request of plaintiff judgment by default was rendered by the court as hereinafter shown against said defendants, notified as aforesaid, under the provisions of article 1230 of the Revised Stat-utes of the state of Texas.  Neither party demanded a jury, and the matters of fact in issue were submitted to the court, and the court, after hearing the evidence, finds as follows."  The court then found that Coffin was the holder of three of the notes referred to, and that he is entitled to recover against Kern $1,228, being the amount due upon said three notes, including attorney's fees.  It is then adjudged that Stanton is another holder of certain notes, and that Beckham, as receiver of the El Paso National Bank, is the holder of certain notes, but that these have heretofore been merged in a judgment, and that no interest in the real estate is claimed as to them, that Hanrahan is the holder of certain notes, and disposes of certain rights in the State National Bank of Holton, Kan.

It is then adjudged that the notes held by Coffin and others are secured by a lien upon the real estate described in the plaintiff's pe-tition by virtue of the retention of the vendor's lien therein mentioned. It is also adjudged that Coffin, as executor, do have and recover of the defendant Kern the sum of $1,228, with interest on the same from

date of the judgment at the rate of 8 per cent. per annum and all costs, etc., and that he have execution against Kern, and that the plaintiff recover the same amount from M. J. McKelligon to be satisfied through the sale of the real estate. Order of sale is then directed commanding the sheriff of El Paso county to seize and sell the real estate described under execution, and satisfy the judgment in favor of the plaintiff and others. Certain other matters contained in the judgment are immaterial. Execution was issued and the land in question sold, and the same was purchased by W. W. Turney, who subsequently conveyed it to Coffin. Turney, it is conceded, bought it for Coffin. After Coffin had thus acquired title to the land by conveyance to him by Turney, the purchaser at sheriff's sale, the present suit was brought by Kern.

[1] It is contended by counsel for plaintiff in error Kern that certain creditors of Kern were not made parties, and other questions are made as to the sufficiency of the service in the suit by Coffin against Kern. We think these contentions are without merit, because it is clear that Kern was served, appeared, and defended, and judgment was rendered against him. He cannot complain that other parties were not made defendants unless his rights are in some way affected, and we are wholly unable to see how they are.

[2] Kern's interest in the land in question, and his right and title thereto, were inferior always to the rights of the holders of the notes attached to which was the vendor's lien reserved by McKelligon at the time of the sale. Any rights which Kern had at any time were necessarily subordinate to those obtained by the holders of the notes accompanied by the vendor's lien; and this superior right in the holders of the notes was recognized and reduced to judgment, and declared by the judgment to exist as against Kern and the land in controversy. During the progress of the present case tender was made by Kern to Coffin, but this tender came too late, as the title to the land in question had already passed into Coffin. There can be no question whatever that Kern's right and title to the land in question was extinguished, and ended by the judgment of the court in the suit instituted by Coffin against Kern and others, and the sale made by the sheriff.

We think the court below properly directed the verdict against Kern and in favor of Coffin.

The judgment of the court below is affirmed.