# S. O. MORROW et al., Appellants, v. EMMA ZANE, Respondent.

### Springfield Court of Appeals, November 14, 1914.

1. **MARRIED WOMEN: Exemption and Homestead Laws: May Invoke When.** Sec. 8304, R. S. 1909, provides that a married woman may invoke all exemptions and homestead laws for the protection of personal and real property owned by the head of a family, except in cases where the husband has claimed such exemption and homestead rights for the protection of his own property.

2. **HUSBAND AND WIFE: Bankruptcy of Husband: Homestead Exemptions.** A husband before bankruptcy transferred his homestead interest to his wife. On bankruptcy proceedings he claimed a homestead exemption in the property conveyed. The wife was not thereby prevented from asserting her homestead exemption in such property under Sec. 8304, R. S. 1909.

3. **HOMESTEADS: Time of Acquiring as Affecting Levy: Execution.** A homestead is subject to levy and execution upon a cause of action existing at the time of acquiring the homestead. (Sec. 6711, R. S. 1909.)

4. ———: **Exemptions: Time of Acquiring Essential.** A wife cannot claim as a homestead an interest which her husband conveyed to her in an estate in entirety as against an indebtedness incurred prior to such conveyance.

Appeal from Jasper County Circuit Court, Division Number Two—*Hon. David E. Blair,* Judge.

REVERSED AND REMANDED.

*Howard Gray* for appellants.

(1) The right of homestead is purely a creature of statute. Bank v. Eagle Grove v. Daugherty et al., 167 Mo. 1. (2) When respondent asserted her right of homestead the burden was upon her to show that her husband had not exercised the right of exemption, as it is only in cases where the husband has not made a claim that the wife can do so. Sec. 8304, R. S. 1909. White v. Smith, 104 Mo. App. 199. (3) If the property was not the homestead of respondent's husband, then the sale made to her within four months of the bankruptcy proceedings was void, but he alone could settle that question, and when he did in the bankruptcy proceeding claim the property as his homestead and asserted that he had exercised his right of homestead and made a deed to his wife, he had received the full benefit given to him as the head of the family and the owner of a homestead under the laws of the State of Missouri, and therefore his wife could not also have a homestead. White v. Smith, 104 Mo. App. 199; Sharp v. Stewart, 185 Mo. 518. (4) While a liberal interpretation is to be indulged in in constructing statutes of exemptions, yet this right is wholly ineffectual to strike out the letter of the law or to work its de-

struction when it is plain. Payne v. Fraley, 156 Mo.
191; Casebolt v. Donaldson, 67 Mo. 308.

*McReynolds & Halliburton* for respondent.

(1)  The rule is unqualifiedly established in this
State that the wife may claim a homestead for the use
and benefit of her family. Sharp v. Stewart, 185 Mo.
518; Gorman v. Haile, 109 Mo. App. 176; Clark v.
Thias, 173 Mo. 649; by implication, Crump v. Walkup,
246 Mo. 281, 282; Sec. 8304, chap. 77, R. S. 1909; White
v. Smith, 104 Mo. App. 202.  (2)  The right of home-
stead accrues on the date of the deed by which de-
fendant procured her title. Sharp v. Stewart, 185 Mo.
518; Kennedy's Admr. v. Duncan, 157 Mo. App. 212;
Kimberlain v. Gordan, 139 Mo. App. 464; Finnegan v.
Prinville, 83 Mo. 517.  (3)  Zane's alleged claim in
bankruptcy does not defeat Emma Zane's homestead
rights. Kennedy's Adm'r v. Duncan, 157 Mo. App.
221.  Homestead laws are to be liberally construed.
Brandy v. Asher, 72 Mo. 87; Sharp v. Stewart, 185 Mo.
529; Speery v. Cook, 247 Mo. 135.

STATEMENT.—On November 29, 1912, F. H. Zane
and Emma Zane, the defendant, acquired an estate by
the entirety in eighty acres of land in Jasper county by
warranty deed conveying it to them as husband and
wife, which deed was recorded on December 7, 1912.

On the date the deed was made they placed a mort-
gage on the land for $3500, and later, on December 16,
1912, placed a second mortgage on the land for $400.

Long prior to November 29, 1912, F. H. Zane, the
husband, was indebted to the plaintiffs for the debt
concerning which this litigation arises.

On December 26, 1912, this debt of F. H. Zane was
evidenced by a note given for $2762.81 signed by him-
self and Emma Zane, the defendant, and it was on this

date (December 26, 1912) that the defendant first became indebted to the plaintiffs.

On February 6, 1913, Zane and the defendant moved onto the eighty acres and began to occupy the same as the home for the family.

On May 17, 1913, F. H. Zane made a warranty deed to the defendant (his wife) for his interest in the eighty acres, the consideration recited being "the sum of one dollar, love and affection, and other valuable consideration" (shown further on to be $1500 owing from the husband to the defendant). This deed was made subject to the first and second mortgages aggregating $3900 which the defendant assumed and agreed to pay.

On August 18, 1913, F. H. Zane went into bankruptcy. In his schedule of assets he did not list any interest in the eighty acres. This debt to the plaintiffs was listed. On the sheet in the schedule providing for any claim the bankrupt may have on which to claim his exemptions appears the following:

"As to his homestead rights, your petitioner recites that he has already exercised those homestead rights by conveying to his wife north half of the southeast quarter of section 18, township 29, range 30. Your petitioner recites that this conveyance was made by him to his wife conveying to her his equity in the above described real estate, said real estate being subject to prior deeds of trust aggregating $3900 and the equity therein not exceeding in value the sum of $1500. That your petitioner makes in his homestead claim except the claim above recited, to-wit, that he has conveyed his homestead to his wife and that the same is now being occupied by himself and his family. Your petitioner also recites that at the time he conveyed the property last above mentioned he was indebted to his wife for over $1500 and that said conveyance was made in consideration of this indebtedness."

The trustee in bankruptcy set aside to the bankrupt the eighty acres of land as his homestead. Exceptions to the action of the trustee in this regard were filed by the plaintiffs and other creditors, and at the time of the trial of this case the exceptions were still pending in the bankruptcy court and undisposed of.

At the February term, 1914, the plaintiffs commenced suit against Emma Zane on the note of December 26, 1912, and in March following, when the case came on for hearing, judgment was rendered in plaintiffs' favor against Emma Zane for the sum of $2934.57, the amount of the note with interest to the date of judgment, and for costs, and that execution issue therefor.

The sheriff served on Emma Zane, the defendant, a notice of her exemptions as required by statute. Emma Zane then filed with the sheriff a written notice of claim of homestead, which claim described the real estate above referred to, and set out that the equity therein was less than the fifteen hundred dollar homestead right under the statutes of the State of Missouri; that said homestead rights in the eighty acres of land were acquired by her on November 29, 1912; and she claimed the same as exempt. The sheriff upon the instruction of the plaintiffs and without appraisement or any other proceedings advertised the property for sale. The defendant then filed a motion to quash the levy, which motion was based upon the following grounds: 1. The sheriff of Jasper county had levied upon and advertised for sale the exempt homestead of the defendant. 2. The sheriff, after serving upon defendant notice of exemption and receiving from defendant her claim of exemptions specifying the homestead, levied upon as exempt, advertised the same for sale. 3. The sheriff failed to comply with the provisions of Article 18 of the Revised Statutes of Missouri, with reference to execution exemptions and sale of property. 4. The sheriff in levying on defend-

ant's homestead and advertising the same for sale failed to comply with the provisions of chapter 56, of section 8304, and of chapter 77 of the Revised Statutes of 1909.  5. Because the property levied upon by the sheriff and advertised for sale was the property of the defendant and the equity therein over and above all encumbrance was less than fifteen hundred dollars.

The court on July 3, 1914, made the following order:

"Now comes on for hearing defendant's motion heretofore filed herein to quash the execution heretofore issued herein.  By consent said motion is taken up and being by the court seen and heard and fully understood, the same is sustained.  It is therefore ordered by the court that said execution and the defendant's levy thereunder be and the same are hereby quashed."

On the third day of July, 1914, and during the June term of said court, and within four days after the court rendered its said judgment sustaining said motion, plaintiffs filed a motion for a new trial, as follows:  (Formal parts omitted.)

"Now on this day come the plaintiffs in the above entitled cause and move the court to set aside the order quashing the levy herein and to grant plaintiffs a new trial on said motion to quash for the reason that under the evidence the motion to quash should have been overruled.  Second: Because under the law and the facts shown in evidence the defendant is not entitled to a homestead in the property levied on.  Third: Because under all the evidence in the case the plaintiffs' levy should not have been quashed."

This motion was at the same term overruled and the case is here on the plaintiffs' appeal.

## OPINION.

FARRINGTON, J.—It is readily seen from the foregoing statement that plaintiffs had a judgment against the defendant and that an execution had been issued thereon. There is no reason apparent why the court should have quashed the execution because the judgment gave the plaintiffs the right to an execution.

Plaintiffs contend that because of F. H. Zane's action in the bankruptcy proceeding, with reference to his statement as to the homestead, he had thereby claimed his homestead, and having done so, that defendant is not protected under section 8304, Revised Statutes 1909, providing that "a married woman may invoke all exemption and homestead laws now in force for the protection of personal and real property owned by the head of a family, except in cases where the husband has claimed such exemption and homestead rights for the protection of his own property."

His act in the bankruptcy court cannot be construed as a claim or designation of his homestead because he did not own the property in August, 1913, when he went into bankruptcy, having conveyed all his interest in and to the eighty acres to his wife in May, 1913. The most that can be said of that act is that he attempted to claim a homestead in his wife's property, which of course he could not do, and it was therefore a nullity. As to his curtesy he made no claim. And we would hesitate to hold that the claim by a husband of a homestead on account of his curtesy right would thereby defeat his wife's right to thereafter claim a homestead in the fee which she owned to the same property under section 8304, Revised Statutes 1909; this, because his property right of curtesy is merely derivative. While the trustee in bankruptcy treated it as F. H. Zane's property and set it off to him, Zane's act was no more than an interpretation which he chose to put upon his previous act, doubtless to show the bank-

ruptcy court that at that time he had no property which he could claim as a homestead exemption. He must have had title to have claimed the homestead. This is decided in the case of Kennedy's Admr. v. Duncan, 157 Mo. App. l. c. 221, 137 S. W. 299, where a number of cases are reviewed involving this question. We therefore rule this point against the appellants and hold that Zane's declaration or explanation in the bankruptcy proceedings did not preclude the defendant from claiming the homestead exemption in any property that she had which was subject to such claim.

Now when this levy was made under the judgment against her, she owned an estate by the entirety in the eighty acres which she had acquired prior to December 26, 1912. Such interest was one in which she could claim a homestead exemption. Besides this, she had acquired her husband's estate by the entirety in the same land, subsequent to the making of the debt on which the judgment was rendered, and hence it was not exempt from the execution and levy made under this judgment. Section 6711, Revised Statutes 1909, makes a homestead subject to levy and execution upon a cause of action existing at the time of acquiring the homestead. In this case, the cause of action came into existence on December 26, 1912, and she acquired her husband's interest in the eighty acres and recorded her deed thereunder on May 17, 1913. This estate which she acquired from her husband on May 17, 1913, is subject to sale under execution. [Hall v. Stephens, 65 Mo. 670; Johnston v. Johnston, 173 Mo. l. c. 114, 73 S. W. 202; Nold v. Ozenberger, 152 Mo. App. l. c. 444, 133 S. W. 349; Atkison v. Henry, 80 Mo. l. c. 153; Hoffman v. Nolte, 127 Mo. l. c. 136, 29 S. W. 1006.]

Taking either horn of the dilemma it necessarily follows that if the husband did claim a homestead by his deed to her and the recitation thereof in the bankruptcy proceeding, then as to her interest in the land acquired November 29, 1912, she could not claim under

section 8304, Revised Statutes 1909.   On the other hand, if he did not claim a homestead by his declaration in bankruptcy, and we have so held, then she can claim a homestead, but as to this judgment her claim would only exempt that property which she owned when she signed the note and not that which she acquired since; and it would make no difference from whom she acquired the property.   She now owns all the land and owes a judgment.   The estate in the land acquired on May 17, 1913, is subject to the levy made under the execution and cannot be claimed as a homestead as against such execution and levy made thereunder.   The court therefore erred in quashing the execution and levy made thereunder.   In acting on defendant's motion the court should have made an order staying the sale as advertised, and ordered and directed the sheriff to limit the levy to the estate in the land which was acquired on May 17, 1913, and permitted him to proceed to a sale thereof.

· The judgment is reversed and the cause remanded, to be proceeded with in accordance with the views herein expressed. *Robertson, P. J.,* and *Sturgis, J.,* concur.