Teresina Schettini, Plaintiff and Appellee, *v.* Susana de la Fuente, Defendant and Appellant.

No. 8708. Argued April 5, 1943.—Decided April 27, 1943.

*Juan Valdejully Rodríguez* for appellant. *Carlos del Toro Fernández* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

This is a suit to deny an easement of light and view and of running waters, in which damages in the amount of $3,000 were also claimed. The District Court of San Juan gave judgment for the plaintiff and ordered the defendant to close seven openings or windows that she had in her house located at 8 Colón St., bounding on the west the lot and house of the plaintiff, because said windows were at a distance of less than two meters, and also ordered the defendant to fix the roof to said house, so that the rain would fall upon her own lot or upon the street and not upon the plaintiff's lot and also ordering that rain water falling on defendant's lot from defendant's roof, was to be disposed of by her, so that it would

not cause prejudice to plaintiff's adjacent lot. The defendant was ordered to pay to the plaintiff $2 for nominal damages, plus costs, and $75 attorney's fees.

The defendant has appealed from that judgment to this court and claims that the court below erred, first, in overruling defendant's motion, filed at the time of the trial, to amend her answer, and, second, in entering its judgment, which was against the evidence.

■■ The first error assigned is entirely frivolous. When the trial of this case started in the court below, the defendant asked leave to amend her answer by adding two special defenses. The first one was to the effect that the property of the defendant was mortgaged and that the mortgage creditor had not been summoned, and the second one, was to allege that on the plaintiff's property there were four open windows with a clear view of defendant's property which were at a distance of less than two meters. The plaintiff objected to these amendments and the court, in overruling defendant's motion stated, with regard to the first defense, that even assuming that the mortgage creditor was a necessary and proper party, if the judgment entered was in favor of the plaintiff, it would not bind the creditor and that therefore his absence from the suit would not prejudice either the defendant or said creditor; and with regard to the second defense, it decided that the fact that the plaintiff also had windows with a clear view of the defendant's property in violation of law did not constitute a defense to the plaintiff's cause of action, since the defendant under those circumstances should institute an action of denial of easement against the plaintiff.

The first defense amounted to a demurrer because of a defect or a misjoinder of parties under §105 of the Code of Civil Procedure. In accordance with §108 of the same Code "When any of the matters enumerated in section 105 do not appear upon the face of the complaint, the objection may be

taken by answer,'' but in the instant case the defect in the party defendant, if it existed at all, appeared from the complaint and the question should.have been raised by demurrer.

In the case of *Waterman* v. *Canal-Louisiana Bank & Trust Co.*, 215 U. S. 33, 49, what amounts to a necessary or indispensable party was defined as follows:

''The relation of an indispensable party to the suit must be such that no decree can be entered in the case which will do justice between the parties actually before the court without injuriously affecting the rights of such absent party.''

In the case of *Figueroa* v. *Figueroa et al.*, 23 P.R.R. 405, it was decided that the court may on its own initiative order that the necessary parties to an action be joined but that it is not compelled, upon motion of the defendant, and against the will of the plaintiff, to bring in new parties that are not necessary although they are parties that could have been sued. And see *Nold* v. *Ozenberger*, 152 Mo. App. 439, 133 S. W. 349; *Kern* v. *Coffin*, 203 Fed. 238 and 1 Sutherland, *Code Pleading, Practice and Form*, §692.

The mortgage creditor was not an indispensable party in this suit since the dispute between the plaintiff and the defendant could be decided without his intervention, and therefore the court below did not commit error in exercising its discretion to deny the first amendment, and neither did it commit error in denying the second one, since the fact that the defendant could have a cause of action to deny an easement does not constitute a defense to the plaintiff's action.

The second assignment of error refers to the weighing of the evidence by the court below. It is not alleged that the court was moved by passion, prejudice, or partiality, and it is our opinion that the oral evidence and also the result of the inspection of the premises established beyond any doubt the fact that the plaintiff proved the allegations contained in the complaint. The court below handed down an extensive and well-reasoned opinion, containing a thorough

review of our cases applying and interpreting §§518 and 522 of our Civil Code, which govern this case. The appellant has not challenged in her brief this jurisprudence, but has limited herself to alleging that in these modern times "The arcahic and patinous voice of the Civil Code" should not be applied to a situation like the one in the instant case since "the strict application of the old institutions of the Civil Code to circumstances like the present one would amount to choking the new spirit of this generation of the XXth Century."

We respect defendant's viewpoint, but the courts of justice have also to respect and apply the mandates of our substantive law. Those who think that these should not continue to subsist should go to the legislative branch of our Government to have it amended or abolished.

The judgment appealed from is affirmed.