TERESINA SCHETTINI, demandante y apelada, *v.* SUSANA DE LA FUENTE, demandada y apelante.

Núm. 8708.—*Sometido:* Abril 5, 1943. *Resuelto:* Abril 27, 1943.

*Juan Valldejuli Rodríguez,* abogado de la apelante; *Carlos del Toro Fernández,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Se trata de un caso sobre negatoria de servidumbre de luces y vistas y de desagüe en el que además se reclamaron $3,000 de daños y perjuicios. La Corte de Distrito de San Juan declaró con lugar la demanda y ordenó a la demandada cerrar o tapiar siete huecos o ventanas que tenía su casa, situada en la calle Colón núm. 8 de Santurce, colindando por el Oeste con el solar y casa de la demandante, por estar dichas ventanas a menos de dos metros de distancia y, asimismo ordenó a la demandada modificar los tejados de su casa en forma tal que las aguas pluviales caigan sobre su propio suelo o sobre la calle y no sobre el solar de la demandante y que aquellas aguas que cayeran sobre el propio suelo de la demandada provenientes de los tejados de su casa las recoja de modo que no causen perjuicio al predio contiguo de la demandante. Por último condenó a la demandada a pagar a la demandante $2 por concepto de daños y perjuicios nominales, más las costas y $75 de honorarios de abogado.

No conforme la demandada con esta sentencia recurre para ante esta corte y alega que la inferior erró, primero, al declarar sin lugar la moción de la demandada formulada en el momento del juicio para enmendar su contestación y, segundo, al dictar sentencia en contra de la prueba.

El primer error señalado es completamente frívolo. Al comenzar la vista del caso en la corte inferior la demandada solicitó permiso para enmendar su contestación agregando dos defensas especiales. La primera es al efecto de que la finca de la demandada estaba hipotecada y al acreedor hipotecario no se le había citado, y por la segunda se alegaba que en la finca de la demandante existían cuatro ventanas abiertas con vistas rectas sobre la finca de la demandada también a una distancia menor de dos metros. La demandante se opuso a las enmiendas y la corte al denegar la moción de la demandada hizo constar en cuanto a la primera defensa que asumiendo que el acreedor hipotecario fuera una parte necesaria y propia la sentencia que se dictara si era favorable a la demandante no podría obligar al acreedor y que por tanto su ausencia del pleito no podría perjudicar a la demandada ni a dicho acreedor; y en cuanto a la segunda defensa resolvió que el hecho de que la demandante a su vez tuviera ventanas con vistas rectas sobre la propiedad de la demandada en violación de la ley no constituía una defensa a la acción de la demandante pues en todo caso lo que procedería sería que la demandada ejercitara su acción de negatoria de servidumbre en contra de la demandante.

La primera defensa equivalía a una excepción previa de que existe un defecto de parte demandada, artículo 105 del Código de Enjuiciamiento Civil. De acuerdo con el artículo 108 del mismo código "Cuando ninguno de los extremos enumerados en el artículo 105, constare en la demanda, la impugnación podrá hacerse en la contestación", pero en el caso de autos el defecto de parte demandada, de existir, constaba

de la demanda y debió levantarse la cuestión por excepción previa.

En el caso de *Waterman* v. *Canal-Lousiana Bank & Trust Co.*, 215 U. S. 33, 49, se definió el concepto de parte necesaria o indispensable en esta forma:

"La relación de una parte indispensable en el pleito debe ser tal que ninguna sentencia pueda dictarse en el caso que pueda hacer justicia entre las partes ya ante la corte sin afectar perjudicialmente los derechos de dicha parte."

En el caso de *Figueroa* v. *Figueroa*, 23 D.P.R. 438, se resolvió que la corte puede, a iniciativa propia ordenar que se incluyan las partes necesarias en una acción pero no está obligada, a moción del demandado, y contra el deseo del demandante, a traer nuevas partes que no sean necesarias, aunque sean partes que pudieron haber sido demandadas. Y véanse *Nold* v. *Ozenberger*, 152 Mo. App. 439, 133 S. W. 349; *Kern* v. *Coffin*, 203 Fed. 238 y 1 Sutherland, *Code Pleading, Practice and Forms*, Sec. 692.

No siendo el alegado acreedor hipotecario una parte indispensable en el pleito, ya que la cuestión litigiosa entre la demandante y la demandada podía resolverse sin su intervención en el mismo, no erró la corte al ejercitar su discreción denegando la primera enmienda y tampoco al denegar la segunda, pues el hecho de que la demandada a su vez pueda tener o no una causa de acción sobre negatoria de servidumbre no constituye una defensa a la acción de la demandante.

El segundo señalamiento se refiere a la apreciación que de la prueba hizo la corte inferior. No se alega que actuara movida por pasión, prejuicio o parcialidad y a nuestro juicio tanto la prueba testifical como el resultado de la inspección ocular demostraron sin dejar lugar a dudas que la demandante probó los hechos alegados en su demanda. La corte inferior dictó una extensa y bien razonada opinión, con amplias citas de nuestra jurisprudencia en las que se apli-

can e interpretan los artículos 518 y 522 de nuestro Código Civil que son los que gobiernan este caso. La apelante no ha rebatido en forma alguna en su alegato dicha jurisprudencia y más bien se limita a sostener que en estos tiempos modernos no debe aplicarse "la arcaica y patinosa voz del Código Civil" a situaciones como las que presenta el caso de autos ya que "aplicar estrictamente la vieja institución del Código Civil a una circunstancia como la presente sería extrangular el nuevo espíritu de estas generaciones del siglo XX".

Respetamos, en lo que vale, el criterio de la demandada, pero las cortes de justicia tienen que respetar y aplicar los mandatos de nuestro derecho sustantivo. Los que consideran que no debe subsistir deben acudir a la rama legislativa del gobierno para obtener su enmienda o derogación.

*Debe confirmarse la sentencia apelada.*