INDEPENDENCE SASH, DOOR. AND LUMBER COMPANY, Respondent, v. J. J. BRADFIELD et al., Appellants.

Kansas City Court of Appeals, January 30, 1911.

1. **MECHANICS' LIENS: Variance: Admissions at Trial.** Where the petition alleges a joint contract between the contractor and the two owners, who were tenants by the entirety, while the proof shows that the contract was made by only one of the owners, the husband, there was no variance when the contract as pleaded was admitted at the trial by counsel for defendants.

2. **APPELLATE PRACTICE: Admission at Trial.** It is a settled rule of practice that an admission of fact, on which the cause is tried in the circuit court, is binding on the parties in the appellate court.

3. **MECHANIC'S LIEN: Verification of Affidavit.** The addition to the signature of the official title of the affiant who appended the word "secretary" to his signature to the affidavit of lien should be regarded as merely descriptive, and therefore such an affidavit was sufficiently signed.

4. **———: Notice: Service on One Tenant by the Entirety.** Where the notice of the sub-contractor of its intention to file a lien was served only on the husband, and not on the wife, they being tenants by the entirety, under the provisions of the statutes requiring service of notice on "the owner, owners, or agent," which are highly remedial, and should be given a liberal construction. *Held,* that the statute contemplates that a lien shall not be lost through an honest mistake in ascertaining the names of all the owners. Hence, the notice was effective as to the estate of the husband.

5. **———: Tenants by the Entirety: Separate Judgment.** Where the relations, to each other and to strangers, of defendants in a mechanic's lien, said defendants being tenants by the entirety, were subject to the provisions of the Married Woman's Act of 1889, each is "an owner" within the purview of the mechanics' liens statutes, and by contract may subject his or her estate to liens for improvements erected on the land. Hence, a judgment against the estate of the husband alone will be affirmed.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell,* Judge.

AFFIRMED.

*David I. White* and *I. J. Ringolsky* for appellant.

(1) There was a variance between the material allegations in the plaintiff's petition, and the proof. H. D. Hengstenberg v. W. F. Hoyt, 109 Mo. App. 622; Lumber Co. v. Knights of Pythias, 157 Mo. 366; Timber Co. v. Railroad, 180 Mo. 463; Meyers v. Railroad, 120 Mo. App. 228; Chitty v. Railroad, 148 Mo. 64. (2) There was no verification as required by law, of the lien filed with the clerk of the circuit court of Jackson county, Missouri, and the court erred in admitting the lien paper offered in evidence by the plaintiff over the objection of the defendants. R. S. 1909, sec. 8217; Norman v. Horn, 36 Mo. App. 419. (3) The notice of the subcontractor of its intention to file a lien on the property, should have been served on all of the owners. R. S. 1909, sec. 8231; Towner v. Remick, 19 Mo. App. 205 (4) As the property is question was owned jointly by Mary A. Heinselman and Hugh W. Heinselman in an estate by the entirety, the court erred in rendering judgment in favor of Mary A. Heinselman and against Hugh W. Heinselman, the judgment, if at all, should have been rendered against them both or against neither. R. S. 1909, sec. 2878; Hall v. Stevens, 65 Mo. 670; Bain v. Bullock, 129 Mo. 117; Cox v. Railroad, 123 Mo. App. 356.

*W. B. Kelly* and *Horace Sheley* for respondent.

(1) There was no variance between the material allegations of the petition and the proof, as the allegation regarding Mary A. Heinselman was not material. Brown v. Wright, 25 Mo. App. 54; Hassett v. Rust, 64 Mo. 325; Lumber Co. v. Stoddard Co., 113 Mo. App. 306. (2) And if there was a variation there was no total failure of evidence, and appellant filed no affidavit of surprise,

so the point is not open to review on appeal. R. S. Mo. 1909, sec. 1846; Fisher Co. v. Realty Co., 159 Mo. 562; Donovan v. Brewing Co., 92 Mo. App. 341. (3) The verification is sufficient. Laswell v. Church, 46 Mo. 279. (4) The service of notice on Hugh W. Heinselman was sufficient to subject his interest in the property to a lien. Chambers v. Benoist, 25 Mo. App. 520; Library Co. v. Stoddard Co., 113 Mo. App. 306. (5) An estate by the entirety is subject to a mechanic's lien. 20 Am. and Eng. Ency. Law (2 Ed.), p. 317; Van Ripper v. Morton, 61 Mo. App. 440; Hall v. Stephens, 65 Mo. App. 670; Hume v. Hopkins, 140 Mo. 65; Hoffman v. Nolte, 127 Mo. 120; Howe v. Jasper County, etc., Co., 127 Mo. App. 570; Kegan v. Haslett, 128 Mo. App. 286; 20 Am. and Eng. Ency. Law (2 Ed.), 327n; Washburn v. Burns, 34 N. J. L. 18; Bertles v. Numan, 92 N. Y. 156.

JOHNSON, J.—Action to enforce a mechanic's lien. Plaintiff, a materialman, furnished material for a building erected by Hugh W. Heinselman and Mary A. Heinselman, husband and wife, on land they purchased in 1907, and held as tenants by the entirety. Plaintiff furnished the material under contract with the contractor (defendant Bradbury) who, it is admitted, erected the building under a contract with both tenants. The petition alleges "that said property was at the date of furnishing said material and now is, the property of the defendants, Hugh W. Heinselman and Mary A. Heinselman and the said J. J. Bradfield was the original contractor with the said Hugh W. and Mary A. Heinselman for the erection of said building."

The lien paper alleged that Hugh Heinselman was the owner and did not mention the fact that his wife had an interest in the property or was a party to the contract for the improvement. It was verified by E. C. Harrington who appended the word "secretary" to his

153 App—34

signature. Notice of the lien was addressed to and served on the husband alone. On these facts the court rendered judgment in favor of defendant Mary Heinselman and adjudged that "all the right title and interest of the said defendant Hugh W. Heinselman" be charged with the lien, etc. The cause is before us on the appeal of the defendant Hugh.

Four propositions are argued by counsel of the appealing defendant, viz.: First. "There was a variance between the material allegations in the plaintiff's petition and the proof." Second. "There was no verification as required by law of the lien filed with the clerk of the circuit court of Jackson county, Missouri, and the court erred in admitting the lien paper offered in evidence by the plaintiff over the objection of the defendants." Third. "The notice of the sub-contractor of its intention to file a lien on the property should have been served on all of the owners." Fourth. "As the property in question was owned jointly by Mary A. Heinselman and Hugh W. Heinselman in the estate by the entirety the court erred in rendering judgment in favor of Mary A. Heinselman and against Hugh W. Heinselman. The judgment, if at all, should have been rendered against them both or against neither."

We shall determine these questions in the order stated.

I. This point rests on the contention that the petition alleges a joint contract between the contractor and the two owners, while the proof shows that the contract was made by only one of the owners—the defendant Hugh. It sufficiently answers the point to say that the contract as pleaded was admitted at the trial by counsel for defendants, as appears in the following quotation from the proceedings:

"Q. Who did you make this contract with?" Counsel for defendants: "I object to that. The petition charges that the contract was made with Hugh W.

Heinselman and Mary A. Heinselman and the answer admits it."

We shall not go behind that admission despite the fact subsequently developed that the contract was signed by the husband alone. That fact is not inconsistent with the admission and it is a settled rule of practice that an admission of fact, on which the cause is tried in the circuit court is binding on the parties in the appellate court.

II. The affidavit was sufficiently signed. [Laswell v. Church, 46 Mo. 279.] The addition to the signature of the official title of the affiant should be regarded as merely descriptive. The case of Norman v. Horn, 36 Mo. App. 419, is not in point. There the signature and oath appeared to have been made a partnership and it was properly held that a partnership, as such, could not make an affidavit. "It would be just as reasonable," say the court, "to hold that a corporation, as such, could make an affidavit, as to hold that a firm could." In the present case, the instrument does not bear the attempted verification of a partnership or corporation but of an individual who might be held liable for perjury for a false affidavit knowingly made.

III. The mechanics' lien statutes are highly remedial and should be given a liberal construction. Though they require a sub-contractor or materialman to serve notice on "the owner, owners or agent" of the property, they contemplate that an honest mistake may be made in ascertaining the names of all the owners and intend that the lien shall not be lost in consequence of such mistake in the lien paper or notice. [Sash & Door Works v. Shade, 137 Mo. App. l. c. 23.] In Lumber Co. v. Stoddard, 113 Mo. App. 306, the St. Louis Court of Appeals properly held that service of notice on one of two co-owners of the property was sufficient to hold his interest or estate subject to the lien. For reasons which

our discussion of defendant's final proposition will make apparent, we think this rule should obtain in the present case and hold, as did the learned trial judge, that the notice was effective as to the interest or estate of the appealing defendant.

IV. The ownership of the land being acquired by the appealing defendant and his wife in 1907, their relations to each other and to strangers, as tenants by the entirety were subject to the provisions of the Married Woman's Act of 1889. [Holmes v. Kansas City, 209 Mo. 513; Bains v. Bullock, 129 Mo. 117; Arnold v. Willis, 128 Mo. 145.] Prior to that legislation the common law rules pertaining to the peculiar estate under consideration prevailed in this state and during the joint lives of the tenants they were considered as a unit in the ownership of the estate—and the husband was the unit. [Hough v. Light & Fuel Co., 127 Mo. App. 570, and cases cited.] The statute changed this rule and now the wife during coverture is recognized as having an interest, not only in the inheritance, but in the possession which she may enforce and protect in actions prosecuted by her alone. [Holmes v. Kansas City, supra.]

In Bains v. Bullock, supra, the Supreme Court say: "The marital control of the husband over the real estate of his wife is removed and she is given the power to sue 'at law or in equity with or without her husband being joined with her as a party.' The right to sue in her own name seems to be unlimited. That she has the right to sue in ejectment to recover possession of her land has been decided. [Arnold v. Willis, supra.]"

As the law now stands each of the tenants, during their joint lives, has an interest in the inheritance and, as to strangers, each has a present right of possession which may be enforced either at law or in equity. Each is an "owner" within the purview of the mechanic's lien statutes and by contract, may subject his or her estate

to liens for improvements erected on the land. Such is our ruling in Nold v. Ozenberger, decided at this term, and we reaffirm here what was said by BROADDUS, P. J. in that case.

The judgment is affirmed. All concur.