## W. F. COEN et al., Respondents, v. LEVI BETTMAN et al., Appellants.

**Kansas City Court of Appeals. November 11, 1912.**

1. **MECHANIC'S LIENS: Pleading: Evidence.** Where a petition charges that material was furnished at the joint request of a realty company and three individuals, it is not permissible to prove that one of the individuals, who acted for the realty company, was an undisclosed agent of said company.

2. ———: ———: ———. Where a petition in an action to enforce a mechanic's lien, charges a joint contract, recovery must be upon that theory or not at all, notwithstanding the evidence may disclose a right to recover upon some other cause of action not pleaded.

3. ———: **Pleading: Joint Contract.** The allegations of a petition that materials were furnished at the instance and request of a company and three individuals does not necessarily amount to an allegation of a joint contract, but is subject to the construction that the acts charged were separate and not joint.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield,* Judge.

REVERSED AND REMANDED.

*New & Krauthoff* for appellants.

*E. D. Ellison* and *Ben E. Todd* for respondents.

BROADDUS, P. J.—This is a suit to recover the value of certain materials used in the construction of a building. The plaintiffs were engaged in business as partners under the name of Coen Building Material Company. The defendant, Roby Realty Company, was doing business as a corporation. The defendants, Levi Bettman, Moses Nusbaum and Charles N. Boley, are sued as individuals, and the defendants Alfred Cossett and Edwin A. Krauthoff, as trustees, but as the judgment in no way affects the rights of the latter, it is not necessary to state why they were joined as parties to the litigation.

The Roby Realty Company was and is the lessor of two lots in Swope's Addition to Kansas City, Missouri. It is alleged in plaintiffs' petition that the said company by the terms of the lease had agreed to erect a building on said property, and that it had erected said building under a contract with the defendants Levi Bettman, Moses Nusbaum and Charles N. Boley, doing business as Boley Clothing Company; that plaintiffs, at the special instance and request of the Roby Realty Company and defendants Bettman, Nusbaum and Boley, furnished and provided for said building certain lime, sand, plaster and materials, which were used in the construction of said building by the said Roby Realty Company, and said Bettman, Nusbaum and Boley.

The amount, value and dates when said materials were used are set forth in an itemized account, which was duly filed as a lien against the said realty. No question is raised on the appeal as to the correctness of the account, for which reason it is omitted from the abstract.

The prayer of plaintiffs is for a judgment enforcing the lien against the property and for a judgment for the amount of the account against the Roby Realty Company, Bettman, Nusbaum and Boley.

It was shown that the Roby Realty Company leased the property for a term of years ending in 1931 to Bettman, Nusbaum and Boley as individuals, although they were doing a clothing business under the name of the "Boley Clothing Company." By the terms of this contract the Roby Realty Company was to erect the building in question.

The evidence shows that Boley had general oversight and charge of the work as the agent of the Roby Realty Company. The plaintiffs introduced evidence tending to show that if he was such, it was undisclosed as to them. We gather from the statements of the parties that the materials were sold upon the credit of the Boley Clothing Company and so charged upon plaintiffs' books.

The evidence tends to show that the reason the material was not paid for, was that there arose a controversy between the realty company and the clothing company as to the cost of the building, and a dispute as to the liability of the realty company for a part of such costs. Plaintiffs claimed they were informed by Boley, after the material was furnished and used in the building, that he was acting for the realty company, and for that reason they sought to make it liable for such material.

The plaintiffs dismissed as to the realty company and all the other defendants, except the three appealing defendants, who composed the clothing company.

Under the instructions of the court, the finding of the jury was for the plaintiffs. From the judgment, defendants Boley, Bettman and Nusbaum, appealed.

The contention of the appellants is that under the evidence the plaintiffs were not entitled to recover. It is insisted that as plaintiffs charged in their petition that the material was furnished at the special instance and request of the Roby Realty Company, it was error to permit them to prove that Boley, who bought the

166 Mo. App. 43

material, was an undisclosed agent of said company, and thereby establish their claim against Boley, Nusbaum and Bettman, members composing the clothing company, because Boley did not disclose his agency.

As the petition charges that the material was furnished at the joint request of the realty company and the appealing defendants, it seems to us they were concluded thereby, and that it was not permissible for them to prove that Boley, who acted for the realty company, was an undisclosed agent. Such evidence was repugnant to their pleading. It is a familiar rule of practice that the pleader is not permitted to disprove the allegations of his pleading.

The appellants' contend that such evidence was not admissible for the further reason that the allegations of the petition amount to a charge that the materials were furnished under a joint contract with the realty company and the appealing defendants. If the contract was not such, the plaintiffs could not recover, for the evidence shows that there was no such contract. Where a petition charges a joint contract, the plaintiff must recover on that theory or not at all, notwithstanding the evidence may disclose a right "to recover upon some other cause of action not pleaded." [Bagnell Timber Co. v. Railroad, 180 Mo. l. c. 463, and cases cited.] But we are of the opinion that the allegation of the petition, that the materials were furnished at the instance and request of the defendant realty company and the appellants, does not necessarily amount to an allegation of a joint contract. It is subject to construction that the acts of the defendants may have been separate and not joint.

But, under the evidence, plaintiffs were not entitled to recover against the defendants Bettman and Nusbaum, merely because they were members of the clothing company. The mere fact that Boley was the undisclosed agent of the realty company, to whom the materials were furnished, would not make the other

two members of the clothing company liable for his acts as agent of the realty company. As individuals they were the lessees of the land on which the building was erected. The fact that they were members of the clothing company would not make them liable for the acts of Boley as agent of the realty company, although the building for which the materials were furnished, was erected for the use of such clothing company. In the absence of proof to the contrary, Boley would have no authority to bind either the clothing company, as such, or its members individually.

As the evidence was clear that Boley acted as agent for the realty company when he obtained the material from plaintiffs, we cannot see upon what theory plaintiffs sought to recover against Boley and the other appealing defendants, as his agency was discovered before the filing of the suit, as the petition itself discloses. As the agency was proved and the correctness of the account admitted, the proper course would have been to take judgment against the realty company.

For the errors noted the cause is reversed and remanded. All concur.