BROCKETT CEMENT COMPANY, Appellant, v. JOHN A. LOGAN et al., Respondents.

**Kansas City Court of Appeals, February 15, 1915.**

1. **MECHANIC'S LIEN: Husband and Wife: Tenants by Entirety.** Where a husband and wife own land as tenants by the entirety, the husband's interest is vendible and may be subjected to a mechanic's lien where he alone erects a building on the land.

2. ———: **Notice: Owners: Amount.** It does not invalidate a notice from a materialman to the owner that he intends to file a lien, that the notice is directed to both husband and wife, as owners, and contractors, when only one of them contracted for the building. Nor does the fact that the notice inadvertently states the wrong amount of it.

3. ———: **Materialman: Two Claims.** If a mechanic's lien claimant brings an action on his claim for material furnished to the original contractors, making a number of other claimants defendants with the. owner, and he has another claim for material furnished a subcontractor, there is no objection to his making the latter claim in an intervening petition.

4. ———: **Limitation: Amendment.** While in a mechanic's lien action the suit must be brought within ninety days after filing the lien and while the cause of action cannot be changed by amendment made more than ninety days afterwards, yet an amendment which does not change the cause of action may be made.

Appeal from Jackson Circuit Court.—*Hon. D. E. Bird,* Judge.

REVERSED AND REMANDED.

*Piatt & Marks* and *Calvin & Rea* for appellant.

(1) A contractor or materialman is entitled to a lien where the contract is made with the husband, when the real estate is owned by husband and wife. He is an "owner" within the meaning of the law. Nold v. Ozenberger, 152 Mo. App. 439; Lumber Co. v. Bradfield 153 Mo. App. 527; Westport Lumber Co. v. Harris,

131 Mo. App. 94; Coen v. Bettman, 166 Mo. App. 671; Berkshire Lumber Co. v. J. S. Chick Investment Co., 170 Mo. App. 1. (2) The mechanic's lien law is highly remedial and should be liberally construed. Gruner & Bros. Lumber Co. v. Hartshorn-Barber Realty and Building Co., 171 Mo. App. 614; Independent Sash, Door & Lumber Co. v. Bradfield, 153 Mo. App. 527.

*Deatherage & Creason* and *George L. Himes* for respondents.

(1) The defendnts, John A. and Martha E. Logan, being husband and wife, and holding the title to the realty involved in this action as tenants by the entirety it becomes, and it is, immaterial whether or not the wife Martha E. Logan, joined with her husband in the execution of the contract for the erection of the building in question, since he, having the exclusive right, during the life of both, to maintain the right of possession and control of the realty so held, he had also the further right, under the circumstances as disclosed by the testimony in the instant case, to subject the estate to a mechanic's lien. Hall v. Stephens, 65 Mo. 670. (2) But the defendant, Martha E. Logan, was, under the testimony as desclosed by this record, the "owner or proprietor," in the sense that her estate in the realty in question, as well as in the improvement made thereupon, could and should be subjected to a proper mechanic's lien. Sec. 8234, R. S. 1909; Winslow, etc. Co. v. Mason, 169 Mo. 236; Sawyer, etc. Co. v. Clark, 172 Mo. 588; Farley v. Storeh, 68 Mo. App. 85; Sash, etc. Co. v. Bradfield, 153 Mo. App. 527. (3) But the defendant, John A. Logan, was the "owner or proprietor," within the meaning of the law, with the result that he could, and did, by his contract in question, bind the realty involved herein, as well as the improvement made thereupon, not only insofar as his estate or interest therein was concerned, but also to the

extent of binding as well the estate and interest of Martha E. Logan, his wife, therein. Nold v. Ozenberger, 152 Mo. App. 439; Independence, etc., Lumber Co. v. Bradfield, 153 Mo. App. 527; Westport Lumber Co. v. Harris, 131 Mo. App. 94; Coen v. Bettman, 166 Mo. App. 671; Berkshire Lumber Co. v. J. S. Chick Inv. Co,. 170 Mo. App. 1. (4) Our statutory provisions with respect to mechanic's liens, being highly remedial, should be liberally interpreted and construed. Gruner & Bros. Lumber Co. v. Realty Co., 171 Mo. App. 614; Lumber Co. v. Bradfield, 153 Mo. App. 527.

ELLISON, P. J.—Plaintiff brought this action to enforce a mechanic's lien against a building and the ground upon which it stands located in Kansas City. The defendants Logan, are husband and wife who own the ground, and other defendants are lien claimants. The action was brought under an amendment enacted to the Mechanic's Lien law (Session Acts, 1911, p. 314) whereby it is directed that in instances of several lien claimants against the same property, all may be brought into court to the end that the rights of each may be ascertained and adjusted in one proceeding. Plaintiff the several other claimants presented their respective claims to the circuit court wherein it appeared that the building was erected by E. C. Peterson as general contractor and that he sublet certain parts of the work to others who purchased material of these claimants. The trial court rendered a personal judgment against the contractors, but denied the enforcement of the lien claimed. Each claimant thereupon appealed and have joined in the presentation of the record.

It appears that the defendants Logan who, as we have said, are husband and wife, are owners of the ground as tenants by the entirety, and that the husband individually, made the contract for the building with Peterson. The wife knew of the contract and

observed the erection of the building without objection,, but she did not join in the contract, though she joined her husband in the execution of a deed of trust to obtain money with which to aid in putting up the building. But it is not necessary that the wife as tenant by the entirety should have joined in the contract for the building. That is to say, that fact will not prevent the fastening of a mechanic's lien against the husband's interest in the property. It has been held by our Supreme Court that the husband's interest in an estate by the entirety is vendible under execution. [Hall v. Stephens, 65 Mo. 670, 678-681.] From which it follows, that a lien can be enforced against such interest. [Nold v. Osenberger, 152 Mo. App. 439; Independence Sash Co. v. Bardfield, 153 Mo. App. 527.]

But the further objections appear to be made separately against the right of the several lienors. As to the Brockett Cement Company, it is claimed that the notice of intention to file a lien states the wrong amount and that it was served on both husband and wife stating that both had authorized the construction of the building when the wife had not done so. We think there is no substance to either of these objections.

It is then objected that the Brockett Company did not prove date of delivery of material, or that it went into the building. The account of the lien stated the dates the articles were purchased and there was evidence sufficient for a prima-facie case that the account was correct and that the material was used in the building.

The Brockett Company had two claims, one for material bought by the original contractor and the other for material bought by a subcontractor. For the latter claim, the company filed what is called an intervening petition and its case on that claim was regularly made out. We do not see that such proceeding was irregular or improper under the statute. We find

that due proof was made prima facie to entitle the company to a lien for this part of its claim.

The claim of defendants Mitchell & Keck was for material purchased by the original contractor Peterson and in this case, also, we think sufficient proof was made to establish prima facie their claim for a lien.

The claim of defendant W. S. Dickey Manufacturing Company was for material purchased by a subcontractor under Peterson. We find there was evidence prima facie establishing this claim as a lien.

The claim of defendant Eadie was shown to consist of material furnished to subcontractor Trent and that it went into the building. The evidence in his case showed prima facie that he had taken all the steps necessary to fixing his lien upon the property.

But it is said that while he brought his action within ninety days after filing his lien, as required by the statute, he was allowed to amend the petition *after* that period expired, whereby he changed his cause of action. The chief reliance of defendants Logan, in this respect, is that the amendment was that at the time of delivery of the material to the subcontractor, defendants, John A. Logan and Martha E. Logan were husband and wife and each owned the property by the entirety and that prior to furnishing the material, defendant John A. Logan had contracted with Peterson for the erection of the building. The amendment consisted in inserting that defendants Logan were "husband and wife" and owned the property "by an estate by entirety." We think the amendment did not change the cause of action and consequently did not affect the lien.

Objection was made (as in the Brockett case supra) to the effect that since notices of liens were given as though both the Logans had contracted for the building when only the husband had done so, it nullified the notice. We think this was not of serious consequence and did not avoid the lien. So it is no

objection to a recovery that the petitions were originally grounded upon the idea that both husband and wife contracted for the building, when, in fact, the wife did not join. The statement in the case of Coen v. Bettman, 166 Mo. App. 671, 674, is founded on Bagnell Timber Co. v. Railroad, 180 Mo. 463, a case since overruled. [Hutchison v. Safety Gate Co., 247 Mo. 108; Bagnell Timber Co. v. Railroad, 250 Mo. 519.]

Objection is made in defendant's brief to the sufficiency of plaintiff's abstract and of the statement of the case. We think none of these well grounded. The judgment will be reversed and the cause remanded, as to the cases considered herein, viz., C. A. Brockett Cement Company, Mitchell & Keck, W. S. Dickey Clay Manufacturing Company, and Thomas Eadie. All concur.