ELIZABETH ASHBAUGH v. DEAN ASHBAUGH, H. H. ROBINSON, MARY TAYLOR, and PAUL GIBSON, Executor of Last Will of HENRY H. ASHBAUGH, Appellants.

Division Two, February 16, 1918.

1. **ESTATE BY ENTIRETY: Not Subject to Husband's Debts.** An estate by the entirety is created by a conveyance to the husband and wife by a deed in the usual form, each being thereby vested with the entire estate, which on the death of the husband continues in the wife as an entirety, and is not subject to devise by him, or division among his heirs, or sale to pay his debts.

273 Mo.—23

2. ———: **Married Woman's Acts.** The Married Woman's Acts (Secs. 8304, 8307-9, R. S. 1909) have not changed the common-law rule which recognizes estates by the entirety. The only effect of those statutes was to protect the wife's property by removing it from the control of her husband and giving it into her management.

3. ———: **One-Half Interest to Each.** A deed between the grantors "and H. H. Ashbaugh and Elizabeth Ashbaugh, his wife, each an undivided one-half interest, parties of the second part," followed by the active words of "Grant, Bargain and Sell, Convey and Confirm unto the said parties of the second part," a description of the land and the usual *habendum* and warranty clauses, created an estate . by the entirety, and not a tenancy in common. The words "each an undivided one-half interest in the premises" being a mere recital which does not purport to vest any estate, do not vary or affect the operative words necessary to vest the estate.

4. ———: ———: **Intention: Random Words of Scrivener.** In ascertaining the intention of the parties to a deed effect will be given to the usual and ordinary meaning attached to the language used; but that intention is not made different by random, uncertain and inconclusive phrases inserted by an ignorant scrivener.

Appeal from Lincoln Circuit Court.—*Hon. E. B. Wool-folk,* Judge.

AFFIRMED.

*R. H. Norton* and *Avery, Dudley & Killam* for appellants.

(1) The doctrine of estates in entireties is repugnant to and inconsistent with the policy of our Married Women's Acts and should not be applied to conveyances made since their enactment. R. S. 1909, secs. 8304, 8307 and 8309; Russell v. Russell, 122 Mo. 235; Bains v. Bullock, 129 Mo. 117; State ex rel. v. Maguni, 187 Mo. 244; Williams v. Railroad, 188 Mo. 146; State ex rel. v. Perkins, 139 Mo. 177; Taylor v. Pullen, 152 Mo. 434; Abramsky v. Abramsky, 261 Mo. 117; Boutell v. Shellaberger, 264 Mo. 70. (2) The Ashbaugh deed per force of its own terms created a tenancy in common between Henry H. and Elizabeth Ashbaugh, and the defendant John D. Ashbaugh took one-half of the property under the Ashbaugh will. Linville v. Greer, 165 Mo.

397; Bradshaw v. Bradbury, 64 Mo. 334; Bruenman v. Carroll, 52 Mo. 315; Chew v. Kellar, 171 Mo. 223; Waldermeyer v. Loebig, 222 Mo. 551; Williamson v. Brown, 195 Mo. 337.

*Frank J. Duvall* and *Hostetter & Haley* for respondent.

As to the interpretation to be put upon the deed because of the existence of the clause in the premises reading "each an undivided one-half interest," this court must overrule the case of Wilson v. Frost, 186 Mo. 311, before it can hold that such clause made the grantees take as tenants in common instead of taking as tenants by the entirety. Correctly speaking there is no survivorship in estates by the entirety. The surviving person does not acquire a new title but holds only the same title which he or she took in the beginning, freed of the contingency. The statute, in recognition of this injustice, has abolished joint tenancies, with their incident of survivorship, but it has not touched estates by entirety; on the contrary, out of over-caution estates to husband and wife are excepted by that very statute. Sec. 2878, R. S. 1909; Sec. 8844, R. S. 1889. The statute abolishing joint tenancies did not apply to estates by entirety, Gibson v. Zimmerman, 12 Mo. 385; Hall v. Stephens, 65 Mo. 670. The true nature of estates by the entirety and the distinction between them and joint tenancies and how affected by the Married Women's Statutes, is pointed out in Frost v. Frost, 200 Mo. 474; Bains v. Bullock, 129 Mo. 119; Whittaker v. Lewis, 264 Mo. 208; Moss v. Ardrey, 200 Mo. 595; Russell v. Russell, 122 Mo. 237.

WHITE, C.—The action was brought under Section 2535, Revised Statutes 1909, to determine title to forty-two acres of land in Lincoln County. The plaintiff is the widow of Henry H. Ashbaugh, deceased. The defendant Dean Ashbaugh is the son by a former marriage of Henry H. Ashbaugh. The plaintiff claims title to the tract as an estate by entirety under a conveyance made

to her and Henry H. Ashbaugh, as husband and wife, during said Ashbaugh's lifetime. The conveyance was made in 1909, and Henry Ashbaugh died on April 11, 1914. The defendant son claims under the will of Henry H. Ashbaugh, which purported to give him a half interest in the forty-two-acre tract mentioned, and a half interest to the plaintiff, widow.

During the life of Henry H. Ashbaugh he and his wife joined in a deed of trust conveying this land to H. H. Robinson, trustee for Mary J. Taylor, *cestui que trust*, to secure a debt, and by reason of their interest in the property thus acquired those two were made parties defendant. Paul Gibson, executor of the last will of Henry H. Ashbaugh, was made party defendant and in his answer set up that the personal estate of Henry H. Ashbaugh was insufficient to pay the debts which had been allowed against the estate and that the land mentioned was liable for the payment of such debts.

The conveyance by which Henry H. Ashbaugh and his wife acquired title to the land begins as follows:

"GENERAL WARRANTY DEED.

"This indenture, made on the 11th day of September, A. D. one thousand nine hundred and nine, by and between John A. Crank and Laura Crank, his wife, of Lincoln County, Missouri, parties of the first part, and H. H. Ashbaugh and Elizabeth Ashbaugh, his wife, each an undivided one-half interest, of the County of Pike, in the State of Missouri, parties of the second part:

"Witnesseth, that the said parties of the first part, in consideration of the sum of one dollar and other valuable consideration to them paid by the said parties of the second part, the receipt of which is hereby acknowledged, do by these presents Grant, Bargain and Sell, Convey and Confirm, unto the said parties of the second part, their heirs and assigns the following described lots, tracts or parcels of land, lying, being and situate in the county of Lincoln and State of Missouri, to-wit:"

Then follows a description of the land, and *habendum* and warranty clauses to parties of the second part, in the usual form:

The judgment was for the plaintiff, and defendants appealed.

I. An estate by the entirety is created by a conveyance to the husband and wife by a deed in the usual form. It is one estate vested in two individuals who are by a fiction of law treated as one person, each being **Estate by** vested with the entire estate. Neither can **Entirety.** dispose of it or any part of it without the concurrence of the other, and in case of the death of either the other retains the estate. It differs from a joint tenancy where the survivor *succeeds* to the whole estate by right of the survivorship; in an estate by entireties the whole estate *continues* in the survivor. The estate remains the same as it was in the first place, except that there is only one tenant of the whole estate, whereas before the death there were two.

In the recent case of Stifel's Union Brewing Co. v. Saxy, *ante* page 159, decided by this court at the present term, the authorities in this and other States were reviewed at length, and the doctrine as it always has existed in this State was restated with completeness and precision. It was held in that case, upon the point in issue, that the interest of the husband in lands held by himself and his wife by the entirety could not be subjected to the payment of his debts. This would seem to dispose of the claim of the executor in this case, and likewise the claim of the attempted devisee, Dean Ashbaugh, provided the deed by which the title here was conveyed to the Ashbaughs created an estate by the entireties in Henry Ashbaugh and the plaintiff.

II. It is argued by the appellants that the Married Women's Acts (Sections 8304, 8307-8-9) have changed the common law rule which recognized the doctrine of estate by the entirety; it is not claimed that any stat-

ute in express terms destroys the estate, but
**Married** that the common law rule in that respect "is
**Woman's**
**Acts.** inconsistent with the legislative policy of the
State," as indicated by the several statutes
emancipating married women, from the control and domi-
nation of their husbands in relation to their property.
The Saxy case, just cited, settles that proposition. It
is there held that the purpose and effect of the statutes
relating to married women was not to destroy the quality
of any estate which the wife might have, but to protect
her property by removing it from the control of her hus-
band and giving it into her management; that such acts
did not destroy the unity of the husband and wife, which
treats them as equals in respect to estates of this char-
acter, but removed the *jus mariti*, "without affecting in
any other way the estates granted to the wife alone or
to the husband and wife as tenants by the entirety."
The discussion of the principle is so full and complete
in that case that it is unnecessary for our purpose here
to do other than refer to it.

Attention is called in the opinion to Section 2878,
Revised Statutes 1909, which in express terms allows
conveyances to husband and wife to retain their common-
law effect.

III. It is finally urged by the appellant that the
conveyance in this case by its terms creates a tenancy
in common and not an estate by the entirety. They
invoke the rule laid down so often that the intention of
the parties to an instrument of this character must con-
trol, even as against words having a technical legal
meaning, and seem to fear that the lure of technical re-
finement and scholarly exegesis may cause the intention,
in a case like this, to be passed by. They call atten-
tion to the recital in the premises of the deed "H. H.
Ashbaugh and Elizabeth Ashbaugh his wife, each an un-
divided one-half interest." It is claimed that here is
an express intention to create a tenancy in common.
It will be noted that this expression appears in the prem-
ises of the deed as a recital merely. It is followed by

the granting clause which is in the usual form. The recital in question does not appear in the orderly parts of the deed, the part by which an estate is vested, limited and warranted; it does not by any language purport to vest in the grantees an undivided half interest and does not say in *what* they are to have an undivided half interest. It might as well be in the consideration paid, so far as the terms of an instrument go, as in the property conveyed.

A conveyance almost exactly like this was construed by this court in the case of Wilson v. Frost, 186 Mo. 311. The deed in that case conveyed to the husband and wife an estate by the entirety in the orderly parts of the deed, the granting clause, the *habendum* and the warranty, but in the recital in the premises of the deed, after naming the parties of the first and second part, used this expression:

"That is to say, to the said William Cook the one undivided one-half interest and the said Mary E. Cook the other one undivided half interest in the following described land."

This was followed by the granting clause, the description, *habendum* and warranty. It shows, therefore, the clear expression of an *apparent* intention to vest in the grantees tenancy in common. In that respect it differs from the deed under consideration. The court held that if the conveyancer had known the difference between a tenancy in common and a tenancy by entirety he would have put in the proper place words creating the estate intended, and since he put the language mentioned in the premises as a recital, he didn't know what the words meant and therefore it couldn't be said that there was an intention to create a tenancy in common. It was held that if the words were to be given any meaning in the place where they were stated it was probably the intention to give assurance to the wife that she was to have as much interest in the land as her husband, and they would not, where they appeared, change the common law effect of the granting clause and the *habendum* in the deed.

In determining the intention of the parties to an instrument of this character, effect must be given the usual and ordinary meaning attached to the language used in such instruments, and it cannot be said that the intention is made different by random, uncertain and inconclusive phrases inserted by an ignorant scrivener. As is sometimes said, the intention of the grantor in a conveyance must control unless it conflicts with some inflexible rule of law; or, as otherwise expressed, the courts will not be swerved from the law because some grantor or conveyancer has attempted to do what the settled rules of law will not permit. [Utter v. Sidman, 170 Mo. 284; Waldermeyer v. Loebig, 222 Mo. 540; Cornwell v. Wulff, 148 Mo. 542, l. c. 571.]

It is a general rule that the intention must be ascertained from the language used, from what the grantor actually said, and not what he may have meant to say. It is likewise a general rule that operative words are necessary to vest an estate. [McKinney v. Settles, 31 Mo. 541; Becker v. Stroeher, 167 Mo. l. c. 322; Coffman v. Gates, 110 Mo. App. l. c. 486; 13 Cyc. 542.] In the deed here no operative words follow or precede the recital, nor are there any words to indicate a desire to have an undivided one-half interest in the *land* vest in the grantees. No intention appears which would prevent the vesting of an estate by entirety.

The judgment of the circuit court is affirmed.

*Roy, C.,* concurs.


PER CURIAM:—The foregoing opinion by White, C., is adopted as the opinion of the court. All of the judges concur.