E. M. LOMAX, Executor, Estate of SAMUEL M. ROBINSON, Deceased, Respondent, v. OLIVER CRAMER, et al., Defendants, MINNIE STAMBACH, Appellant.

**Kansas City Court of Appeals, December 1, 1919.**

WILLS: Estate by the Entirety: Testator's Intention. A bequest to "my brother, D. A. Robinson, and wife, five thousand dollars" creates an estate by the entirety in the money although the wife of the brother dies before the will takes effect as it was the intention of the testator to treat "D. A. Robinson and wife" as one person, and hence the survivor of the two takes the entire legacy.

Appeal from Linn County Circuit Court. —*Hon. Fred Lamb*, Judge.

AFFIRMED.

*Bresnehen & Burns* for appellant.

*Bailey & Hart,* and *D. A. Robinson* for respondent.

TRIMBLE, J.—This is an action brought to obtain the proper construction of the 4th clause of the will of Samuel M. Robinson, deceased. Said clause reads as follows:

"4th. I will and bequeath to my brother D. A. Robinson and wife five thousand dollars."

The will was executed December 22, 1914, and testator died April 4, 1918. He died without issue owning a large amount of property and leaving a widow, Alice E. Robinson, who had two children by a former husband, one of whom is the appellant Minnie Stambach. The will made about seventeen devises and bequests all of which have been paid or turned over to the beneficiaries therein except the bequest mentioned in clause 4. It

is this bequest that is the sole matter in controversy here.

After making the various bequests mentioned, the will gave one-half of the residue of his estate to his wife Alice E. Robinson and the other half in equal amounts to his brothers, naming them. Each one of said brothers received a specific bequest among the seventeen hereinabove mentioned.

The wife of D. A. Robinson mentioned in the 4th clause of said testator's will was named Sarah J. Robinson. She died some time after the will was executed but several years before testator died. Testator knew of her death but never changed the 4th clause of his will. After testator died in April, 1918, his widow, Alice E. Robinson, died in August of that year, leaving a will in which she made appellant Minnie Stambach residuary legatee of her estate. In other words, Minnie Stambach takes whatever Alice E. Robinson would have taken under the residuary clause of Samuel M. Robinson's will had she continued to live.

The 4th clause of testator's will having given five thousand dollars to "D. A. Robinson and wife," and said wife having died prior to the death of testator, appellant contends that the legacy provided for in said 4th clause lapsed or at least that one-half thereof did so. This is the only question in the case.

There is no question but that in this State when a husband and wife take an estate by the entirety they hold not as separate individuals and by moieties but as one person each holding the whole of it. For this purpose they are a unit and upon the death of either the entire estate belongs to the survivor. [Stifel's, etc., Brewing Co. v. Saxy, 273 Mo. 159; Ashbaugh v. Ashbaugh, 273 Mo. 353, 357.] It is also well established that there can be an estate by the entirety in personal as well as in real property. [Ryan v. Ford, 151 Mo. App. 689; Johnston v. Johnston, 173 Mo. 91.] In such an estate the husband and wife each owns, not a part or a separable interest, but the whole; and, therefore,

the death of one leaves the other still holding the whole as before with no one to share it. [Wilson v. Frost, 186 Mo. 311, 319; Frost v. Frost, 200 Mo. 474, 480.]

Now, wills are to be construed in conformity with the intention of testator if such intention can be properly ascertained. It is manifest from the language used that testator intended to treat D. A. Robinson and wife as *one* person and to give the whole legacy to them as one. He did not mention the wife's name nor give her any specific part thereof. Testator is presumed to have known the legal effect of a husband and wife thus receiving property so bestowed upon them. And although, technically speaking, the will did not *create an* estate by the entirety in D. A. Robinson and wife, for the reason that the latter died before the will took effect, yet such is the estate the will *would have created* had she lived until the will did take effect. In other words, it is that kind of an estate which the testator *intended* should be created.

Again, where under a will donees are to take as joint tenants or as a class there is no lapse on account of the death of one or more but the entire gift goes to the survivor. [40 Cyc. 1930; Jackson v. Roberts, 14 Gray (Mass.) 546, 550.]

We think the trial court properly construed the will and hence the judgment is affirmed. All concur.