## I. R. GOLDBERG PLUMBING SUPPLY COMPANY, a Corporation, Plaintiff in Error, v. JOHN E. TAYLOR and SALLYE M. TAYLOR, Defendants in Error.

St. Louis Court of Appeals. Opinion Filed February 7, 1922.

1. **ESTATES BY ENTIRETY: Husband and Wife: Rents and Profits: Common-law Rule.** At common law, in estates held by the entirety, the husband was entitled to the rents and profits of the premises during the joint lives of himself and wife, and, upon the death of either by virtue of the grant which vested the entire estate in each grantee, the survivor succeeded to the whole estate, and this right to the possession and usufruct of the wife's real estate did not flow from the unity of the estate, but was given the husband as his marital right.

2. ———: ———: **Husband's Interest Not Vendible Without Concurrence of Wife.** At common law, the interest of the husband in an estate by the entirety, while a vendible interest, it could not be aliened during the joint lives of himself and wife without the concurrence of the wife.

3. ———: ———: **Married Woman's Acts.** The Married Woman's Act of 1889 (sections 6864 and 6869 Revised Statutes 1889) deprived the husband of his right to the use and possession of his wife's real estate; so that the *jus mariti* in the estate by the entirety no longer exists in this State. But said act did not affect the title in said estate, but left it as it was at common law. Both husband and wife are seized of the entirety; neither can sever the union of interest without the concurrence of the other; each and both own the whole estate during their joint lives, and upon the death of either, the survivor continues to own the whole estate; each is seized of an indivisible entirety; so neither has a separate interest therein that can be aliened.

4. ———: ———: ———: **Evidence: Mechanics' Liens: Husband's Interest: Not Subject to Mechanics' Lien Judgment: Cannot be Sold Under Execution.** Absent any showing in the record that the estate held by the defendant husband vested before the Married Woman's Act went into effect, *held* that the husband has no such interest in an estate held by the entirety as could be subjected to a mechanic's lien judgment and sold under execution issued thereon.

Error to the Circuit Court of the City of St. Louis.—
*Hon. Franklin Ferriss,* Judge.

AFFIRMED.

*H. A.* and *Harry S. Gleick* for plaintiff in error.

(1)   The mechanic's lien statutes are highly reme-
dial and should receive a liberal construction.   Weis and
Jennett Marble Co. v. Rossi, 198 Mo. App. 35; Sawyer,
etc., Co. v. Clark, 172 Mo. 588; Joplin, etc., Works v.
Shade, 137 Mo. 20; Hicks v. Scofield, 121 Mo. 381; Crane
Co. v. Construction Co., 121 Mo. App. 209; Dugan, etc.,
Co. v. Gray, 114 Mo. 497.   (2)   A tenant by the entirety
is an "owner or proprietor" within the meaning of the
mechanic's lien laws of Missouri, and his interest in the
estate may be subjected to a mechanic's lien.   R. S.
1919, secs. 7216, 7238; Independence Sash, Door & Lumber
Co. v. Bradfield, 153 Mo. App. 527; Nold v. Ozenberger,
152 Mo. App. 439; Brockett Cement Co. v. Logan, 187
App. 322; Kneisley Lumber Co. v. Stoddard Co., 113 Mo.
App. 306; Washburn & Campbell v. Burns & McCabe,
34 N. J. Law (5 Vroom) 18; Kline v. Perry, 51 Mo. App.
422; Seaman v. Paddock, 51 Mo. App. 465; Meyer v.
Christian, 64 Mo. App. 203.
   *F. W. Imsiepen* and *Geo. F. Osiek* for respondents
in error.

BRUERE, C.—This is a suit to enforce a mechanic's
lien, for materials furnished, against the premises of the
defendants in error for the sum of three hundred and
twenty-nine dollars and sixty-nine cents.
   One John E. Wood was the original contractor under
contract with defendant, John E. Taylor, for the instal-
lation of a heating plant, on premises held by defendants,
John E. Taylor, and Sallye M. Taylor, husband and wife,
as tenants by the entirety.   Plaintiff furnished the mate-
rials for the heating plant under contract with the con-
tractor John E. Wood.

Upon trial had, before the circuit court of the city of St. Louis, without a jury, a judgment was entered for plaintiff and against John E. Wood for the amount sued for, and in favor of defendants John E. Taylor and Sallye M. Taylor; the court holding that plaintiff was not entitled to any lien against said premises. Unsuccessful in his motion for a new trial, plaintiff in due time sued out a writ of error returnable to this court.

At the trial it was agreed between the parties that all proper preliminary steps precedent to filing the mechanic's lien action had been taken; and that John E. Taylor and Sallye M. Taylor, his wife, were the owners' of the property in question and held same as an estate by the entirety. The evidence was uncontradicted that the heating plant was installed against the wish and protest of the defendant, Sallye M. Taylor; and the defendant does not attack the judgment in her favor.

The sole question raised here is whether the defendant, John E. Taylor, had such an interest in the premises in question as could be subjected to a mechanic's lien judgment and sold under execution issued thereon.

At common law, in estates held by the entirety, the husband was entitled to the rents and profits of the premises during the joint lives of himself and wife, and upon the death of either, by virtue of the grant which vested the entire estate in each grantee, the survivor succeeded to the whole estate. This right to the possession and usufruct of the wife's real estate did not flow from the unity of the estate but was given the husband as his marital right (*jure mariti*). It was a vendible interest, but his interest in the estate by the entirety could not be aliened during the joint lives of himself and wife without the concurrence of the wife.

The Married Woman's Act of 1889, sections 6864 and 6869, Missouri Revised Statutes of 1889, deprived the husband of his right to the use and possession of his wife's real estate; so that the *jus mariti* in the estate by the entirety no longer exists in this state. But said act

did not effect the title in said estate but left it as it was at common law; both husband and wife are seized of the entirety, neither can sever the union of interest without the concurrence of the other; each and both own the whole estate during their joint lives, and upon the death of either, the survivor continues to own the whole estate; each is seized of an indivisible entity; so neither has a *separate* interest therein that can be aliened. [Stifel's Union Brewing Co. v. Saxy, 273 Mo. 159, 201 S. W. 67; Ashbaugh v. Ashbaugh, 273 Mo. 353, 201 S. W. 72; Lomax v. Cramer, 202 Mo. App. 365, 216 S. W. 575.]

Since there is no showing in the record before us that the estate, held by the defendant, John E. Taylor, vested before the Married Woman's Act went into effect, we are constrained to hold, under the law as declared in Stifel's Union Brewing Co. v. Saxy and Ashbaugh v. Ashbaugh, supra, that John E. Taylor has no such interest in the premises in question as could be subjected to a mechanic's lien judgment and sold under execution issued thereon.

The plaintiff in error, in support of his contention that the husband's interest in the estate by the entirety is subject to a mechanic's lien, cites the following cases: Independence Sash Door & Lumber Co. v. Bradfield, 153 Mo. App. 527, 134 S. W. 118; Nold v. Ozenberger, 152 Mo. App. 439, 133 S. W. 349; Brockett Cement Co. v. Logan, 187 Mo. App. 322, 173 S. W. 727. These cases are all decided by the Kansas City Court of Appeals and are all bottomed on the case of Hall v. Stephens, 65 Mo. 670.

It is true that in Hall v. Stephens, the Supreme Court of this state held that the interest of the husband in an estate by the entirety could be sold under execution, and that the right of the husband to the use and possession of lands, held by him and his wife by the entirety, was not affected by the Married Woman's Acts.

But the Supreme Court in the case of Stifel's Union Brewing Co. v. Saxy, supra, refused to follow this decision and held that "the opinion in Hall v. Stephens

was a pure *dictum*, as the estate there vested before the date of the Married Woman's Acts," and further held that "as a result of the Married Woman's Acts, the husband,.during their joint lives, has no interest in land held as tenants by the entirety that can be sold under execution for the sole debt of the husband."

Since the decision in Stifel's Union Brewing Co. v. Saxy, supra, it is the settled law in this State that the interest of the husband in an estate by the entirety cannot be sold under execution for his sole. debt. It, therefore, follows that the above decisions of the Kansas City Court of Appeals, relied upon by plaintiff in error, cannot be followed.

The judgment of the circuit court of the city of St. Louis should be affirmed; the commissioner so recommends.

PER CURIAM:—The opinion of BRUERE, C., is adopted as the opinion of the court. The judgment of the circuit court of the city of St. Louis is accordingly affirmed. *Allen, P. J.,* and *Becker* and *Daues, JJ.,* concur.