H. C. WILSON, DOING BUSINESS AS H. C. WILSON PLUMBING & HEATING COMPANY, RESPONDENT, v. CHARLES L. FOWER AND MARIE H. FOWER, APPELLANTS.—155 S. W. (2d) 502.

Kansas City Court of Appeals. November 3, 1941.

*Waldo Edwards* for appellant.

534

*Walter C. Goodson* for respondent.

536

CAVE, J.—This is a suit to establish and enforce a mechanic's lien for certain material furnished and labor performed in completing the construction of a house located on certain lots in Macon, Missouri, which lots belonged to the defendants Charles Fower and Marie Fower, his wife, as an estate by the entirety. The cause was tried to a jury, resutling in a verdict for the plaintiff. A motion for new trial was filed and overruled and judgment entered on the verdict, the court entering a personal judgment against the defendants Charles L. Fower and Marie H. Fower for $626.45, the amount of the debt, and declared the same a lien on certain specifically described real estate. Affidavit for appeal filed by the defendants and appeal allowed to this court. The parties will be referred to as plaintiff and defendants.

The petition, among other things, alleged that the defendants Charles L. Fower and Marie H. Fower, his wife, were the owners of certain described real estate in the City of Macon, Missouri, and being the owners of said real estate, the said defendants, Charles L. Fower and Marie H. Fower, on or about the 15th day of March, 1938, entered into a contract with the plaintiff to do the plumbing and furnish certain materials used in the erection of a dwelling house located on the real estate therein described; that in pursuance of said contract and agreement, the plaintiff, between the 22d day of March, 1938, and the 4th day of March, 1939, sold and delivered labor and materials to the said defendants, Charles L. Fower and Marie H. Fower, at the price and of a reasonable value of $626.45, which labor and materials were used in the construction of said dwelling house. An itemized statement of the materials and labor furnished was attached to the petition. It was also alleged that a verified notice of the claim for a lien was filed in the office of the clerk of the circuit court of Macon County, within the time allowed by statute. It was also alleged that the defendants, on or about the 13th day of March, 1939, made, executed and delivered a deed of trust on the real estate in the petition described, to defendant Howell Gaines, trustee for the defendant Macon-Atlanta State Bank, to secure the payment of a note in the sum of $6500, and that such deed of trust was duly recorded in the the Recorder's Office of Macon County, but that the execution and delivery of said deed of trust was subsequent to the commencement and the finishing of said building and that said encumbrance was subject to plaintiff's lien for labor done and material furnished. The defendant trustee, Howell Gaines, and the bank, did not file answer. The defendants, Charles L. Fower and Marie H. Fower, filed separate answers, but both answers contained the same allegations which were an admission that the defendants Charles L. Fower and Marie H.

Fower, his wife, were at all times mentioned in the petition, the owners of the real estate described, and then denying each and every other allegation in plaintiff's petition.

The record discloses, and the plaintiff admits, that prior to the 15th day of March, 1938, Charles L. Fower and Marie H. Fower, his wife, were the owners, and were seized in fee as tenants by the entirety, of certain unimproved lots located in the City of Macon, Missouri, on which this residence was erected; therefore, the plaintiff either had actual knowledge, or was charged with constructive knowledge of the state of the title of this property at the time he entered into the contract for the material and labor hereinafter referred to.

The defendant, Marie Fower, urges that the evidence fails to prove that she was a party to the contract sued on and is insufficient to authorize the submission to the jury of the issue of her husband acting as her agent in making the contract. We first consider this point because its solution may eliminate the necessity for a detailed consideration of many other points urged in the briefs.

The plaintiff testified that his agreement was with Mr. Fower and that it was a "verbal contract." That "the contract was that Mr. Fower was to pay me ten per cent plus my cost of materials, my time to be free, my plumber's time one dollar an hour, my helper's time fifty cents. My time was to be free for advertising purposes." He later corrected that answer and said he meant cost plus "twenty per cent," instead of "ten per cent." He was then asked this question: "Now, that was the agreement entered into between you and Mr. Fower? A. Correct." Under such agreement, he proceeded to furnish the material and labor itemized in the statement. He does not claim to have had any conversation with Marie Fower concerning the contract at the time it was made or afterwards, but does seek to sustain the personal judgment entered against her herein and the mechanic's lien on her property on the theory that her husband was not only acting for himself, but also as her agent, at the time he made the agreement with the plaintiff, and relies on certain things the wife did and said during the progress of the work to prove such agency. The petition is not drawn on the theory that the plaintiff entered into a contract with the husband individually, and as the agent of his wife, but on the theory that the plaintiff entered into a joint contract with both parties. The evidence failed completely to prove any contract with the wife, but the trial court admitted in evidence, over the objection of the defendant, Marie Fower, certain testimony on the theory that it would tend to prove the agency of the husband in making the contract for himself and his wife. Such evidence, summarized, shows about the following: That she was frequently at the house while work was being done and on one occasion plaintiff asked her "how she like it" and she replied "just fine;" that she selected the material for the bathroom, or at least the color of it, and directed

how it should be placed and had one or two of the bathroom fixtures changed. Charles Fower selected and purchased all other materials. We gather from the record that the bathroom fixtures have been paid for and are not included in this account. That she made no objections to any of the workmen or any of the materials furnished in the house; that in March, 1939, she joined with her husband in the execution and delivery of notes for $6500 secured by deed of trust on the improved property, which plaintiff asserts was to pay for the building of the house, but according to the petition and evidence, this deed of trust was executed after the completion of the work here sued for. It also appears from the record that the defendant Charles Fower began the construction of this house quite some time before making the contract with the plaintiff concerning the plumbing and certain bathroom fixtures; and that he was constructing the house without the assistance of a general contractor or the benefit of an architect. It also appears that the plaintiff carried this account on his books in the name of Charles Fower and demanded payment of him, and at no time demanded payment of Mrs. Fower. Can it be said that such evidence would justify the submission of the question of the husband's agency for the wife in making the contract and thereby subject her to a personal judgment and her property to a mechanic's lien?

It is now well settled that where property is held by husband and wife as tenants by the entirety, any act affecting title must be by the joint act of both husband and wife, and neither alone, by his or her own individual act, may subject the property to a mechanic's lien. [Badger Lumber & Coal Co. v. Pugsley, 227 Mo. App. 1203, 61 S. W. (2d) 425, and Goldberg Plumbing Supply Co. v. Taylor, 209 Mo. App. 98, 237 S. W. 900.] This is not a case where the wife owns real estate individually, and permits her husband to erect valuable improvements thereon with her knowledge and acquiescence, and from which she will derive the full benefit. In such a case it takes but little evidence to burden her with an implied contract. But where the husband and wife hold by the entirety, any act affecting title must be by joint act, and before a lien can be placed on an estate by the entirety, the evidence must be strong and persuasive to the effect that the act that subjected the land to the lien was the joint act of the tenants by the entirety. [Badger Lbr. & Coal Co. v. Pugsley, *supra.*] In his case the evidence should be strong and persuasive that at the time of the making of the contract relied on, Charles Fower was not only acting for himself individually, but as the agent of his wife. This being an estate by the entirety, the wife would have no power to stop the husband from constructing a house on the real estate and to do so on his own contract and at his own expense, because they each owned a fee title in the whole property. And where, as in this case, the plaintiff admits that he made the contract solely with the husband, that he did not discuss the contract with the wife, and no statement

was made to him that the husband was acting for and in behalf of the wife, it would seem clear that the mere fact that she knew the house was being constructed on property on which the husband had a right to construct it, and that she complimented the work and made no objection thereto, and selected the color of the bathroom fixtures and suggested the location of them, would hardly justify this court in holding that the plaintiff had met his burden of proof in establishing the fact that the husband, in making the contract, was also acting as the agent of his wife. We believe such ruling is fully supported by the opinion of this court in the case of Badger Lumber & Coal Co. v. Pugsley, *supra*, and cases there cited.

We have read the cases relied on by the plaintiff, such as Magidson v. Stern, 148 S. W. (2d) 144; Berkshire v. Holcker, 202 Mo. App. 433; Boeckeler Lumber Co. v. Wahlbrink, 191 Mo. App. 334, and do not believe those cases rule the point here. In the Magidson case, it appeared that the wife stated to the contractor, with respect to the contract and work in question, "that whatever her husband did was o. k. with her." There is no such evidence in this case.

In the Berkshire case and the Boeckeler Lumber Company case, the wife owned the real estate individually, and the husband had contracted for the improvements, in which she acquiesced, and from which she would derive the full benefit. But, as pointed out above, that presents an entirely different question than the one now under consideration. From the record in this case, we are forced to the conclusion that, so far as the defendant, Marie Fower, is concerned, the evidence did not justify the court in submitting the question of the husband's agency to the jury. Her instruction in the nature of a demurrer should have been given. Consequently, there could be no personal judgment against her for the amount sued for, nor a lien against an estate by the entirety, and such judgment cannot be allowed to stand.

A case should not be reversed without remanding, however, unless the appellate court is convinced that the evidence has been fully presented, and that the facts are such that a recovery cannot be had. [Kurtz v. Field, 14 S. W. (2d) 9.] From a reading of the record in this case, we are not convinced that the evidence has been fully presented concerning the question of the husband's agency, and that the ends of justice will be best served by a remanding of the case, instead of an outright reversal.

The defendants also complain of error in the giving of plaintiff's Instructions A and B, because said instructions submitted, the question of whether the husband was acting as the agent of the wife in making the contract sued on. Since we hold that the evidence in the case is insufficient to submit that issue to the jury, of course, such instructions are erroneous in that particular.

The defendants also urge that plaintiff's petition did not state a cause of action against the defendants, and that the court erred

in permitting the plaintiff to amend his petition once at the conclusion of plaintiff's evidence, and again at the conclusion of all the evidence. However, there was no demurrer filed to the petition or any objection made to the introduction of evidence because the petition failed to state a cause of action, and since this case must again be tried, we need not rule the question of whether the trial court abused its discretion in permitting amendments to be made at the conclusion of the evidence.

There are also objections made to the form of the verdict and the failure of the judgment to settle the priority of the mechanic's lien and deed of trust, but those are questions which will not likely arise in a retrial.

Other matters complained of by the defendants may not arise on a retrial, and need not be discussed here.

For the reasons assigned, this cause is reversed and remanded. All concur.